DAVID B. GOLUBCHIK (SBN 185520)
TODD M. ARNOLD (SBN 221868)
JONATHAN D. GOTTLIEB (SBN 339650)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, CA  90034
Telephone: (310) 229-1234
Fax: (310) 229-1244
Email: dbg@lnbyg.com, tma@lnbyg.com, jdg@lnbyg.com

Attorneys for Chapter 11 Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>CRESTLLOYD, LLC,<br><br>        Debtor and Debtor in Possession. | Case No.: 2:21-bk-18205-DS<br><br>Chapter 11 Case<br><br>**DEBTOR'S NOTICE OF MOTION AND MOTION TO ESTABLISH A BAR DATE FOR FILING ADMINISTRATIVE EXPENSE PRIORITY CLAIMS PURSUANT TO 11 U.S.C. § 503; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF**<br><br>[No Hearing Required Unless Requested – L.B.R. 9013-1(o)] |

**PLEASE TAKE NOTICE** that Crestlloyd, LLC, the debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 bankruptcy case (the "Case"), hereby moves the Court, pursuant to this notice of motion (the "Notice") and motion (the "Motion"), to establish June 6, 2022 as the bar date (the "Admin. Claim Bar Date") for parties (other than the

1

1  United States Trustee (the "UST"), the Clerk of the Court, and professionals employed at the
2  expense of the estate herein) to file and serve requests for the allowance and payment of
3  administrative expense priority claims ("Admin. Claims") of the kind described in 11 U.S.C. §
4  503(b), that are entitled to priority under 11 U.S.C. § 507(a)(2), and that were incurred or
5  accrued or arose on or before the cutoff date (the "Cutoff Date") of April 30, 2022 (the "Admin.
6  Claim Requests" and each an "Admin. Claim Request"), provided that (1) claimants shall not
7  set hearings on their Admin. Claim Requests and (2) a hearing on any Admin. Claim Request
8  shall only be set in the event there is a dispute regarding the Admin. Claim Request and the
9  Debtor and/or other party in interest and the subject claimant are not able to resolve the dispute,
10 in which case the Debtor and/or other party in interest shall set the Admin. Claim Request for
11 hearing on not less than fourteen (14) days' notice and provide notice thereof to the subject
12 claimant and other parties entitled to notice of the hearing on the Admin. Claim Request.

**PLEASE TAKE FURTHER NOTICE** that this Motion is based upon this Notice, the annexed Memorandum of Points and Authorities, the annexed Declaration in support thereof, 11 U.S.C. §§ 105(a) and 503(a) of chapter 11 of title 11 of the United States Code §§ 101, et seq. (the "Bankruptcy Code"),[1] 1121(d), Rule 9013-1 of the *Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California* (the "Local Rules"), Rules 9013 and 9014 of the *Federal Rules of Bankruptcy Procedure* (the "Bankruptcy Rules"), the entire record in this Case, and any other evidence properly presented to the Court in support of this Motion.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Rule 9013-1(o)(1), any response to or request for hearing on this Motion must be filed with the Court and served on counsel for the Debtor and the UST within fourteen (14) days after the date of service of this Notice, plus 3 additional days if this Notice was served by mail, electronically, or pursuant to Federal Rule of Civil Procedure 5(b)(2)(D), (E), or (F).

---

[1] Unless otherwise stated, all Section references herein are to the Bankruptcy Code.

2

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Rule 9013-1(h), failure to timely file and serve a response to and/or request for a hearing on this Motion may be deemed by the Court as consent to the granting of the Motion.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order:

(1)     Granting the Motion in its entirety;

(2)     Establishing June 6, 2022 as Admin. Claim Bar Date for parties (other than the UST, the Clerk of the Court, and professionals employed at the expense of the estate herein) to file and serve Admin. Claim Requests for the allowance and payment of Admin. Claims of the kind described in 11 U.S.C. § 503(b), that are entitled to priority under 11 U.S.C. § 507(a)(2), and that were incurred or accrued or arose on or before the Cutoff Date of April 30, 2022, provided that (a) claimants shall not set hearings on their Admin. Claim Requests and (b) a hearing on any Admin. Claim Request shall only be set in the event there is a dispute regarding the Admin. Claim Request and the Debtor and/or other party in interest and the subject claimant are not able to resolve the dispute, in which case the Debtor and/or the other party in interest shall set the Admin. Claim Request for hearing on not less than fourteen (14) days' notice and provide notice thereof to the subject claimant and other parties entitled to notice of the hearing on the Admin. Claim Request;

(3)     Precluding any party (other than the UST, the Clerk of the Court, and professionals employed at the expense of the estate herein) that fails to file and serve an Admin. Claim Request by the Admin. Claim Bar Date from thereafter asserting a right to payment of any Admin. Claim that that was incurred or accrued or arose on or before the Cutoff Date of April 30, 2022;

(4)     Approving the form of Notice of Administrative Bar Date attached hereto as **Exhibit "1;"**

(5) Requiring the Debtor to serve the Notice of Administrative Bar Date on all known or alleged creditors of the estate and all parties requesting special notice within three (3) business days of the entry of the order granting the Motion; and

(6) Granting such other and further relief as the Court deems just and proper.

Dated: March 30, 2022

LEVENE, NEALE, BENDER, YOO
  & GOLUBCHIK L.L.P.

By:   */s/ Todd M. Arnold*
DAVID B. GOLUBCHIK
TODD M. ARNOLD
JONATHAN D. GOTTLIEB
Attorneys for Chapter 11 Debtor and
Debtor in Possession

# MEMORANDUM OF POINTS AND AUTHORITIES[2]

## I.

## STATEMENT OF FACTS

1. On October 26, 2021 (the "Petition Date"), the Debtor commenced this Case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has operated its business and managed its affairs as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. The Debtor's primary asset was the residential Property that it developed, which is located at 944 Airole Way, Los Angeles, CA 90077 (the "Property").

3. The Court-approved sale of the Property closed on March 29, 2022 (the "Sale").

4. As a result of the Sale, (a) the Debtor generally has no ongoing obligations other than obligations for professional fees, UST fees, and any fees that may be owed to the Clerk of the Court and (b) the Debtor is positioned to proceed with a liquidating plan, provided that the Debtor will likely seek to resolve issues regarding the amount and priority of certain alleged secured claims prior to proceeding with a plan.

5. The Debtor believes that certain parties (other than the UST, the Clerk of the Court, and professionals employed at the expense of the estate herein) may file and serve requests for the allowance and payment of administrative expense priority claims of the kind described in 11 U.S.C. § 503(b), that are entitled to priority under 11 U.S.C. § 507(a)(2) (defined herein as Admin. Claims).

6. Understanding the nature and extent of alleged Admin. Claims will aid the Debtor in its efforts to formulate a plan and fully administer the estate.

---

[2] All capitalized terms herein have the same meanings as in the preceding Notice of Motion and Motion.

## II.

## THE COURT SHOULD SET AN ADMIN. CLAIM BAR DATE FOR FILING ADMIN. CLAIM REQUESTS

The Bankruptcy Code and Bankruptcy Rules do not specifically provide for the establishment of deadlines for filings Admin. Claim Requests for the payment of administrative expense priority claims of the kind described in 11 U.S.C. § 503(b) and entitled to priority under 11 U.S.C. § 507(a)(2). However, Sections 105(a) and 503(a) provide ample legal authority for this Court to enter an order establishing an Admin. Claim Bar Date for filing Admin. Claim Requests.

Section 503(a) provides that an entity "may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause." As the Bankruptcy Code allows for "timely" requests for payment of administrative claims, it logically follows that a deadline for the filing of such requests may be established. *See* 11 U.S.C. § 503(a). Indeed, as Collier notes:

> The use of the word "timely" in the introductory portion of section 503(a), along with the phrase "or may tardily file such a request if permitted by the court for cause," provides courts with the statutory authority to set and enforce administrative claim bar dates. Neither the Bankruptcy Code nor the Bankruptcy Rules set forth a specific limitation period for the filing of administrative expense claims, so courts can exercise their discretion in setting bar dates according to the circumstances of each case.

*See* Collier on Bankruptcy ¶ 503.02[2] (Alan N. Resnick & Henry J. Somme reds., 16th ed.). Moreover, Section 105(a) grants bankruptcy courts the power to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Therefore, this Court has the authority not only to establish an Admin. Claim Bar Date for filing Admin. Claim Requests but also to approve the form and manner of giving notice of the Admin. Claim Bar Date.

1     Here, there is good cause to set an Admin. Claim Bar Date. Setting an Admin. Claim Bar Date for parties (other than the UST, the Clerk of the Court, and professionals employed at the expense of the estate herein) to file and serve Admin. Claim Requests for the allowance and payment of Admin. Claims of the kind described in 11 U.S.C. § 503(b), that are entitled to priority under 11 U.S.C. § 507(a)(2), and that were incurred or accrued or arose on or before the Cutoff Date of April 30, 2022, will, *inter alia*, (a) create certainty regarding the magnitude of Admin. Claims incurred through the Cutoff Date of April 30, 2022 asserted against the Debtor, (b) allow the Debtor to analyze such Admin. Claims and, where appropriate, seek to resolve any potential objections to certain Admin. Claims and/or, where appropriate, object to any disputed Admin. Claims, (c) allow the Debtor to ascertain the amount of administrative claims that need to be treated under a plan, and (d) assist the Debtor in formulating a Plan and preparing a disclosure statement with information that is as accurate as possible regarding Admin. Claims to be treated under the Plan and, as a result, the estimated distributions on all allowed claims. All of the foregoing specific bases for setting an Admin. Claim Bar Date will support the Debtor's efforts to fully administer its Case and bring it to a close as soon as is practicable under the circumstances.

        Attached as **Exhibit "1"** hereto is a form of the Notice of Administrative Bar Date the Debtor intends to serve on (1) all creditors who were scheduled by the Debtor in its bankruptcy schedules, (2) all creditors who filed a proof of claim, and (3) all parties who requested special notice (the "Notice Parties") within three (3) business days of the entry of the order granting the Motion. Given how long the Debtor's Case has been pending, the Debtor believes that the foregoing scope of notice is sufficient to notify anyone who has ever expressed any interest in this Case.

        The Notice of Administrative Bar Date advises the Notice Parties of, among other things: (1) entry of an order granting the Motion, (2) the Admin. Claim Bar Date for filing Admin. Claim Requests, (3) the need to file Admin. Claim Requests on or before the Admin. Claim Bar

Date, and (4) the name and address of the person upon whom a copy of the Admin. Claim Requests must be served.

Pursuant to Local Bankruptcy Rule 9013-1(o), if no objections to the Motion are filed, an order approving the Motion should be entered in the week beginning April 18, 2022. If the Debtor serves the Notice of Administrative Bar Date by the end of the week beginning April 18, 2022 (*i.e.*, by April 22, 2022), the Notice Parties will have 45 days' notice of the Admin. Claim Bar Date of June 6, 2022 for parties (other than the UST, the Clerk of the Court, and professionals employed at the expense of the estate herein) to file and serve Admin. Claim Requests for the allowance and payment of Admin. Claims of the kind described in 11 U.S.C. § 503(b), that are entitled to priority under 11 U.S.C. § 507(a)(2), and that were incurred or accrued or arose on or before the Cutoff Date of April 30, 2022. The Debtor submits that the proposed Notice of Administrative Bar Date and related procedures and timing are reasonable under the facts of the Case.

### III.

### **CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order:

(1)    Granting the Motion in its entirety;

(2)    Establishing June 6, 2022 as Admin. Claim Bar Date for parties (other than the UST, the Clerk of the Court, and professionals employed at the expense of the estate herein) to file and serve Admin. Claim Requests for the allowance and payment of Admin. Claims of the kind described in 11 U.S.C. § 503(b), that are entitled to priority under 11 U.S.C. § 507(a)(2), and that were incurred or accrued or arose on or before the Cutoff Date of April 30, 2022, provided that (a) claimants shall not set hearings on their Admin. Claim Requests and (b) a hearing on any Admin. Claim Request shall only be set in the event there is a dispute regarding the Admin. Claim Request and the Debtor and/or other party in interest and the subject claimant are not able to resolve the dispute, in which case the Debtor and/or the other party in interest shall set the Admin. Claim Request for hearing on not less than fourteen (14) days' notice and

provide notice thereof to the subject claimant and other parties entitled to notice of the hearing on the Admin. Claim Request;

(3) Precluding any party (other than the UST, the Clerk of the Court, and professionals employed at the expense of the estate herein) that fails to file and serve an Admin. Claim Request by the Admin. Claim Bar Date from thereafter asserting a right to payment of any Admin. Claim that that was incurred or accrued or arose on or before the Cutoff Date of April 30, 2022;

(4) Approving the form of Notice of Administrative Bar Date attached hereto as **Exhibit "1;"**

(5) Requiring the Debtor to serve the Notice of Administrative Bar Date on all known or alleged creditors of the estate and all parties requesting special notice within three (3) business days of the entry of the order granting the Motion; and

(6) Granting such other and further relief as the Court deems just and proper.

Dated: March 30, 2022

LEVENE, NEALE, BENDER, YOO
  & GOLUBCHIK L.L.P.

By:  */s/ Todd M. Arnold*
    DAVID B. GOLUBCHIK
    TODD M. ARNOLD
    JONATHAN D. GOTTLIEB
    Attorneys for Chapter 11 Debtor and
    Debtor in Possession

**DECLARATION OF TODD M. ARNOLD, ESQ.**

I, TODD M. ARNOLD, Esq., hereby declare as follows:

1. I am over 18 years of age. Except where otherwise stated, I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2. I make this Declaration in support of the Motion to which this Declaration is attached. Unless otherwise stated, all capitalized terms herein have the same meanings as in the Motion.

3. I am licensed to practice law in California and before this Court. I am a partner of the law firm of Levene, Neale, Bender, Yoo & Golubchik L.L.P, counsel to the Debtor herein.

4. On October 26, 2021 (the "Petition Date"), the Debtor commenced this Case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Since the Petition Date, the Debtor has operated its business and managed its affairs as a debtor in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5. The Debtor's primary asset was the residential Property that it developed, which is located at 944 Airole Way, Los Angeles, CA 90077 (the "Property").

6. The Court-approved sale of the Property closed on March 29, 2022 (the "Sale").

7. As a result of the Sale, (a) the Debtor generally has no ongoing obligations other than obligations for professional fees, UST fees, and any fees that may be owed to the Clerk of the Court and (b) the Debtor is positioned to proceed with a liquidating plan, provided that the Debtor will likely seek to resolve issues regarding the amount and priority of certain alleged secured claims prior to proceeding with a plan.

8. The Debtor believes that certain parties (other than the UST, the Clerk of the Court, and professionals employed at the expense of the estate herein) may file and serve requests for the allowance and payment of administrative expense priority claims of the kind

described in 11 U.S.C. § 503(b), that are entitled to priority under 11 U.S.C. § 507(a)(2) (defined herein as Admin. Claims).

9. Understanding the nature and extent of alleged Admin. Claims will aid the Debtor in its efforts to formulate a plan and fully administer the estate.

10. Attached as **Exhibit "1"** hereto is a form of the Notice of Administrative Bar Date the Debtor intends to serve on (1) all creditors who were scheduled by the Debtor in its bankruptcy schedules, (2) all creditors who filed a proof of claim, and (3) all parties who requested special notice (the "Notice Parties") within three (3) business days of the entry of the order granting the Motion. Given how long the Debtor's Case has been pending, the Debtor believes that the foregoing scope of notice is sufficient to notify anyone who has ever expressed any interest in this Case.

I declare and verify under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this 30$^h$ day of March 2022 at Los Angeles, California.

                                                     */s/ Todd M. Arnold*
                                                   TODD M. ARNOLD

# EXHIBIT "1"

DAVID B. GOLUBCHIK (SBN 185520)
TODD M. ARNOLD (SBN 221868)
JONATHAN D. GOTTLIEB (SBN 339650)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, CA  90034
Telephone: (310) 229-1234
Fax: (310) 229-1244
Email: dbg@lnbyg.com, tma@lnbyg.com, jdg@lnbyg.com

Attorneys for Chapter 11 Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No.: 2:21-bk-18205-DS |
| CRESTLLOYD, LLC, | Chapter 11 Case |
| Debtor and Debtor in Possession. | **NOTICE OF DEADLINE TO FILE REQUESTS FOR PAYMENT OF ADMINISTRATIVE EXPENSE PRIORITY CLAIMS**<br><br>**BAR DATE: JUNE 6, 2022** |

**PLEASE TAKE NOTICE** that, pursuant to an order entered by the Bankruptcy Court, the deadline ("Admin. Claim Bar Date") by which parties, other than the United States Trustee, the Clerk of the Court, and professionals employed at the expense of the estate herein, must file and serve requests for the allowance and payment of administrative expense priority claims ("Admin. Claims") of the kind described in 11 U.S.C. § 503(b), that are entitled to priority under 11 U.S.C. § 507(a)(2), and that were incurred or accrued or arose on or before the cutoff date (the

1

"Cutoff Date") of April 30, 2022 (the "Admin. Claim Requests" and each an "Admin. Claim Request") is **JUNE 6, 2022.**

    **PLEASE TAKE FURTHER NOTICE** that, with respect to filing Admin. Claim Requests:

1. 11 U.S.C. §§ 503(b) and 507(a)(2) of Title 11 of the United States Code provide for the allowance of Admin. Claims in a bankruptcy case. Should you be uncertain as to whether it is necessary for you to file an Admin. Claim Request, please consult your own attorney.

2. Any person or entity who wishes to assert Admin. Claims in this case must file an Admin. Claim Request with the Bankruptcy Court on or before the Admin. Claim Bar Date set forth above, and serve a copy on counsel for the Debtor, whose contact information appears in the upper left-hand corner of the first page of this Notice.

3. Any Admin. Claim Request previously filed with the Bankruptcy Court before the mailing of this Notice shall be deemed to be, and shall be treated as, a properly filed Admin. Claim Request, subject to the right of the Debtor and/or any party in interest to object to the allowance thereof.

4. Claimants asserting Admin. Claims shall not set hearings on their Admin. Claim Requests.

5. A hearing on any Admin. Claim Request shall only be set in the event there is a dispute regarding the Admin. Claim Request and the Debtor and/or other party in interest and the subject claimant are not able to resolve the dispute, in which case the Debtor and/or the other party in interest shall set the Admin. Claim Request for hearing on not less than fourteen (14) days' notice and provide notice thereof to the subject claimant and other parties entitled to notice of the hearing on the Admin. Claim Request.

///
///
///

2

**PLEASE TAKE FURTHER NOTICE** that any person or entity (other than the United States Trustee, the Clerk of the Court, and professionals employed at the expense of the estates herein) that fails to file and serve an Admin. Claim Request by the Admin. Claim Bar Date shall be barred from thereafter asserting a right to payment of any Admin Claim that that was incurred or accrued or arose on or before the Cutoff Date of April 30, 2022.

Dated: April __, 2022                    LEVENE, NEALE, BENDER, YOO
                                                                                        & GOLUBCHIK L.L.P.

                                              By:   */s/ Todd M. Arnold*
                                                         DAVID B. GOLUBCHIK
                                                         TODD M. ARNOLD
                                                         JONATHAN D. GOTTLIEB
                                                         Attorneys for Chapter 11 Debtor and
                                                         Debtor in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **DEBTOR'S NOTICE OF MOTION AND MOTION TO ESTABLISH A BAR DATE FOR FILING ADMINISTRATIVE EXPENSE PRIORITY CLAIMS PURSUANT TO 11 U.S.C. § 503; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 30, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Kyra E Andrassy**  kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Todd M Arnold**  tma@lnbyg.com
- **Jerrold L Bregman**  jbregman@bg.law, ecf@bg.law
- **Marguerite Lee DeVoll**  mdevoll@watttieder.com, zabrams@watttieder.com
- **Danielle R Gabai**  dgabai@danninggill.com, dgabai@ecf.courtdrive.com
- **Thomas M Geher**  tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- **David B Golubchik**  dbg@lnbyg.com, stephanie@lnbyb.com
- **James Andrew Hinds**  jhinds@hindslawgroup.com;mduran@hindslawgroup.com, mduran@hindslawgroup.com
- **Robert B Kaplan**  rbk@jmbm.com
- **Jane G Kearl**  jkearl@watttieder.com
- **Jennifer Larkin Kneeland**  jkneeland@watttieder.com, zabrams@watttieder.com
- **Michael S Kogan**  mkogan@koganlawfirm.com
- **Noreen A Madoyan**  Noreen.Madoyan@usdoj.gov
- **Samuel A Newman**  sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com
- **Ryan D O'Dea**  rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- **Sharon Oh-Kubisch**  sokubisch@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- **Hamid R Rafatjoo**  hrafatjoo@raineslaw.com, bclark@raineslaw.com
- **Ronald N Richards**  ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Victor A Sahn**  vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com
- **William Schumacher**  wschumac@milbank.com, autodocketecf@milbank.com
- **David Seror**  dseror@bg.law, ecf@bg.law
- **Zev Shechtman**  zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- **Mark Shinderman**  mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com
- **Lindsey L Smith**  lls@lnbyb.com, lls@ecf.inforuptcy.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov
- **Genevieve G Weiner**  gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com
- **Jessica Wellington**  jwellington@bg.law, ecf@bg.law

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

**2. SERVED BY UNITED STATES MAIL**: On **March 30, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*None.*

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 30, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*None.*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 30, 2022 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                   **F 9013-3.1.PROOF.SERVICE**