United States Bankruptcy Court

Central District of California

| | |
|---|---|
| In re: | Case No. 21-18205-DS |
| Crestlloyd, LLC | Chapter 11 |
|     Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-2 | User: admin | Page 1 of 2 |
| Date Rcvd: Mar 28, 2022 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

**Symbol**    **Definition**

+              Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 30, 2022:**

| Recip ID | Recipient Name and Address |
|---|---|
| db | + Crestlloyd, LLC, c/o SierraConstellation Partners LLC, 355 S. Grand Avenue Suite 1450, Los Angeles, CA 90071-3152 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 30, 2022          Signature:          /s/Joseph Speetjens

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 28, 2022 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Danielle R Gabai | on behalf of Interested Party Courtesy (NEF) dgabai@danninggill.com  dgabai@ecf.courtdrive.com |
| David Seror | on behalf of Interested Party Courtesy (NEF) dseror@bg.law  ecf@bg.law |
| David B Golubchik | on behalf of Debtor Crestlloyd  LLC dbg@lnbyg.com, stephanie@lnbyb.com |
| Genevieve G Weiner | on behalf of Interested Party Richard Saghian gweiner@sidley.com laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com |
| Genevieve G Weiner | on behalf of Debtor Crestlloyd  LLC gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com |

District/off: 0973-2                                    User: admin                                    Page 2 of 2
Date Rcvd: Mar 28, 2022                                Form ID: pdf042                                Total Noticed: 1

Hamid R Rafatjoo
    on behalf of Interested Party Nile Niami hrafatjoo@raineslaw.com  bclark@raineslaw.com

James Andrew Hinds, Jr
    on behalf of Creditor Interno Investment  Inc. jhinds@hindslawgroup.com;mduran@hindslawgroup.com,
    mduran@hindslawgroup.com

Jane G Kearl
    on behalf of Interested Party J&E Texture  Inc. jkearl@watttieder.com

Jennifer Larkin Kneeland
    on behalf of Interested Party J&E Texture  Inc. jkneeland@watttieder.com, zabrams@watttieder.com

Jerrold L Bregman
    on behalf of Interested Party Hilldun Corporation jbregman@bg.law  ecf@bg.law

Jessica Wellington
    on behalf of Other Professional Theodore Lanes jwellington@bg.law  ecf@bg.law

Jessica Wellington
    on behalf of Interested Party Courtesy (NEF) jwellington@bg.law  ecf@bg.law

Kyra E Andrassy
    on behalf of Interested Party Inferno Investment  Inc. kandrassy@swelawfirm.com,
    lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Lindsey L Smith
    on behalf of Debtor Crestlloyd  LLC lls@lnbyb.com, lls@ecf.inforuptcy.com

Marguerite Lee DeVoll
    on behalf of Interested Party J&E Texture  Inc. mdevoll@watttieder.com, zabrams@watttieder.com

Mark Shinderman
    on behalf of Creditor Yogi Securities Holdings  LLC mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com

Michael S Kogan
    on behalf of Interested Party Courtesy (NEF) mkogan@koganlawfirm.com

Noreen A Madoyan
    on behalf of U.S. Trustee United States Trustee (LA) Noreen.Madoyan@usdoj.gov

Robert B Kaplan
    on behalf of Interested Party Courtesy (NEF) rbk@jmbm.com

Ronald N Richards
    on behalf of Interested Party Courtesy (NEF) ron@ronaldrichards.com  7206828420@filings.docketbird.com

Ryan D O'Dea
    on behalf of Interested Party Courtesy (NEF) rodea@shulmanbastian.com  lgauthier@shulmanbastian.com

Ryan D O'Dea
    on behalf of Creditor American Truck and Tool Rental rodea@shulmanbastian.com  lgauthier@shulmanbastian.com

Samuel A Newman
    on behalf of Interested Party Richard Saghian sam.newman@sidley.com
    samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com

Sharon Oh-Kubisch
    on behalf of Interested Party Courtesy (NEF) sokubisch@swelawfirm.com
    gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

Thomas M Geher
    on behalf of Interested Party Courtesy (NEF) tmg@jmbm.com  bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com

Todd M Arnold
    on behalf of Debtor Crestlloyd  LLC tma@lnbyg.com

United States Trustee (LA)
    ustpregion16.la.ecf@usdoj.gov

Victor A Sahn
    on behalf of Interested Party Courtesy (NEF) vsahn@sulmeyerlaw.com
    pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inf
    oruptcy.com

William Schumacher
    on behalf of Creditor Yogi Securities Holdings  LLC wschumac@milbank.com, autodocketecf@milbank.com

Zev Shechtman
    on behalf of Interested Party Courtesy (NEF) zshechtman@DanningGill.com
    danninggill@gmail.com;zshechtman@ecf.inforuptcy.com


TOTAL: 30

1   DAVID B. GOLUBCHIK (State Bar No. 185520)
    TODD M. ARNOLD (State Bar No. 221868)
2   LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
    2818 La Cienega Avenue
3   Los Angeles, California 90034
    Telephone: (310) 229-1234
4   Facsimile: (310) 229-1244
    Email: dbg@lnbyg.com; tma@lnbyg.com
5
    Attorneys for Debtor and Debtor in Possession
6

**FILED & ENTERED**

**MAR 28 2022**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY llewis      DEPUTY CLERK**

**CHANGES MADE BY COURT**

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10                        **LOS ANGELES DIVISION**

11   In re:                              Case No. 2:21-bk-18205-DS

12   CRESTLLOYD, LLC,                    Chapter 11

13        Debtor and Debtor in Possession.   **ORDER GRANTING DEBTOR'S MOTION**
                                         **FOR AN ORDER:**
14                                       **(1)    APPROVING THE SALE OF THE**
                                         **DEBTOR'S REAL PROPERTY FREE AND**
15                                       **CLEAR OF ALL LIENS, CLAIMS,**
                                         **ENCUMBRANCES, AND INTERESTS, WITH**
16                                       **THE EXCEPTION OF ENUMERATED**
                                         **EXCLUSIONS;**
17                                       **(2)    FINDING THAT THE BUYER IS A**
                                         **GOOD FAITH PURCHASER;**
18                                       **(3)    AUTHORIZING AND APPROVING**
                                         **THE PAYMENT OF CERTAIN CLAIMS**
19                                       **FROM SALE PROCEEDS;**
                                         **(4)    WAIVING THE FOURTEEN-DAY**
20                                       **STAY PERIOD SET FORTH IN**
                                         **BANKRUPTCY RULE 6004(h); AND**
21                                       **(5)    PROVIDING RELATED RELIEF**

22                                       Hearing:
                                           Date:    March 21, 2022
23                                         Time:    11:30 a.m.
                                           Place:   Courtroom 1639
24                                                  255 East Temple Street
                                                    Los Angeles, California 90012
25                                                  (via Zoom for Government only)

26

27

28

A hearing was held on March 18, 2022, at 11:00 a.m., and a continued hearing was held on March 21, 2022, at 11:30 a.m., on the "Debtor's Motion for an Order: (1) Approving the Sale of the Debtor's Real Property Free and Clear of All Liens, Claims, Encumbrances, and Interests, with the Exception of Enumerated Exclusions; (2) Finding That the Buyer Is a Good Faith Purchaser; (3) Authorizing and Approving the Payment of Certain Claims from Sale Proceeds; (4) Waiving the Fourteen-Day Stay Period Set Forth in Bankruptcy Rule 6004(h); and (5) Providing Related Relief" (the "Sale Motion," Docket No. 142) filed by debtor and debtor in possession Crestlloyd, LLC (the "Debtor").  Appearances were noted on the record on each day of the hearing.

The court has considered the Sale Motion, all papers filed in support thereof and in opposition thereto, the record in this case, the testimony of witnesses at the hearing, and the arguments of the parties at the hearing.  Based on this record, and for the reasons stated on the record at the hearing,

IT IS HEREBY ORDERED that:

1.    The Sale Motion is granted.

2.    All evidentiary objections filed with respect to the Sale Motion and the oppositions thereto are overruled.

3.    Pursuant to § 363(b)[1], the sale of the real property located at 944 Airole Way, Los Angeles, CA 90077 (APN 4369-026-021) (the "Property") to the Buyer for the Purchase Price of $126 million pursuant to the Purchase Agreement[2] is approved.

4.    The offer of the Buyer, on the terms and conditions set forth in the Purchase Agreement, including the consideration to be realized by the Debtor pursuant to the Purchase Agreement totaling $126 million, plus the $11.970 million Rebate from the Auctioneer, for a total of $137.97 million in consideration: (1) is fair and reasonable; (2) represents optimal value for the Property under the circumstances; (3) is in the best interests of the Debtor, its bankruptcy estate, and the creditors thereof; and (4) constitutes full and adequate consideration and reasonably equivalent value for the Property under the Bankruptcy Code, the Uniform Fraudulent Transfer Act, the Uniform Fraudulent

/ / /

---

[1] Unless otherwise stated, section references are to the Bankruptcy Code, title 11 of the United States Code.
[2] Capitalized terms not defined herein are used as defined in the Sale Motion.

Conveyance Act and any other applicable laws of the United States, any state, territory or possession, or the District of Columbia.

5.   The sale of the Property to the Buyer pursuant to the Purchase Agreement will be free and clear of any and all interests pursuant to § 363(f), with the exception of Items A1, C, D, E, F, 1-6, 8-12 and 17 (the "Excepted Items") set forth in the preliminary title report attached hereto as Exhibit 1, with such interests to attach to the Sale Proceeds with the same validity, extent, and priority as before the closing of the sale.

6.   The Debtor and the Buyer, and any escrow and title companies, are authorized to take any and all actions reasonably necessary to consummate the sale of the Property pursuant to the Purchase Agreement and this order.  Lawrence Perkins, on behalf of the Manager of the Debtor, is authorized to execute any and all documents on behalf of the Debtor to effectuate the transactions contemplated by this order.

7.   The Buyer is deemed to be a "good faith" purchaser within the meaning of § 363(m).

8.   Upon the closing of the sale transaction approved by this order, and according to instructions to be provided by the Debtor, escrow must transfer the net proceeds from the Purchase Price, and either escrow or the Auctioneer must transfer the $11,970,000 Rebate to the Debtor.

9.   The 14-day stay of FRBP 6004(h) is waived to enable the sale of the Property to close as quickly as possible.  This order is effective immediately upon entry.  In the absence of any stay pending appeal, the Debtor and the Buyer, and any cooperating brokers, escrow company, and title company, are free to close under the Purchase Agreement at any time, subject to the terms of this order and the Purchase Agreement.

10.   A certified copy of this order may be filed with the appropriate clerk and/or recorded with the county recorder to cancel any encumbrances of record, other than the Excepted Items.

11.   On the Closing Date, the Debtor and the escrow company are authorized and directed to pay from the Sale Proceeds: (a) the outstanding balance of Hankey's DIP Loan in the principal amount of $12 million, plus all accrued interest, fees and costs (payoff amount: $12,065,166.67, as of March 23, 2022, with per diem interest of $2,833.33 thereafter); (b) Hankey's senior receivership certificate loans in the principal amount of $827,745, plus all accrued interest, fees and costs (payoff

amount: $882,540.56, as of March 23, 2022, with per diem interest of $229.93 thereafter); (c) the

claims of any taxing authorities or governmental units as defined in § 101(27) apportioned to the

Debtor prior to the close of the sale that are secured by liens not included in the Excepted Items

(payoff amount: approximately $2,649,078.30); (d) commission equal to 2% of the Purchase Price to

be paid to and split equally between the Debtor's Brokers and the Buyer's Brokers, with any split

between the Debtor's Brokers and the Buyer's Brokers to be determined by them (payoff amount:

$2,520,000); and (e) any other customary escrow closing fees and charges allocated to the Debtor

(payoff amount: approximately $318,052.50).

12.   The Buyer has not assumed and/or is otherwise not obligated for any of the Debtor's

liabilities.  Consequently, upon entry of this Sale Order, all persons, governmental units (as defined in

§§ 101(27) and 101(41)), and all holders of interests based upon or arising out of liabilities retained

by the Debtor are hereby enjoined from taking any action against the Buyer or the Property, including

asserting any setoff, right of subrogation or recoupment of any kind, or to recover any interest or

enforce any claims or causes of action or on account of any liabilities of the Debtor.

13.   This order is binding upon and governs the acts of all persons and entities with respect to

the sale approved by this order, including, without limitation: the Debtor's bankruptcy estate, the

Debtor and its successors and assigns, including, without limitation, any chapter 11 trustee or

examiner hereinafter appointed or any chapter 7 trustee appointed; all creditors of the Debtor

(whether known or unknown); the Buyer and his successors and assigns; the Property; filing agents;

filing officers; title agents; recording agencies; secretaries of state; and all other persons and entities

who may be required to report or insure any title in or to the Property or who may be required by

operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or

release any documents or instruments that reflect that the Buyer is the owner of the Property free and

clear of any and all liens, claims, encumbrances, and interests other than the Excepted Items, except

as otherwise provided in the Purchase Agreement and this order, and each of the foregoing persons

and entities is hereby directed to accept for filing any and all of the documents and instruments

necessary and appropriate to consummate the transactions contemplated by this order and the

Purchase Agreement.

14.  To the extent that there is any conflict between this order and the Purchase Agreement, this order controls.

15.  The court retains exclusive jurisdiction to interpret, implement and enforce the terms and provisions of this order and the Purchase Agreement, and to decide any disputes concerning this order and the Purchase Agreement, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Purchase Agreement and this order.

# # #

Date: March 28, 2022

Deborah J. Saltzman
United States Bankruptcy Judge

# Exhibit 1

# Chicago Title Company

725 South Figueroa Street, Suite 200, Los Angeles, CA 90017
Phone: (213) 488-4300 ● Fax: (213) 488-4377

Issuing Policies of Chicago Title Insurance Company

ORDER NO.: **00166345-994-LT2-1TW**

Chicago Title Company / Los Angeles
725 S. Figueroa St., Suite 200
Los Angeles, CA 90017
ATTN: Mike Slinger
Email: mike.slinger@ctt.com
REF:

Main Office Line: **(213) 488-4300**

Title Officer: Ted Tan/Jennifer Wright (LA/Comm)
Title Officer Phone: (213) 488-4394
Title Officer Fax: (213) 488-4360
Title Officer Email: TeamX77@ctt.com

PROPERTY:    **944 ARIOLE WAY, LOS ANGELES, CA**

## PRELIMINARY REPORT

*In response to the application for a policy of title insurance referenced herein,* **Chicago Title Company** *hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a policy or policies of title insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an exception herein or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations or Conditions of said policy forms.*

*The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said policy or policies are set forth in Attachment One. The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. Limitations on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Attachment One. Copies of the policy forms should be read. They are available from the office which issued this report.*

*This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.*

*The policy(s) of title insurance to be issued hereunder will be policy(s) of Chicago Title Insurance Company, a Florida corporation.*

***Please read the exceptions shown or referred to herein and the exceptions and exclusions set forth in Attachment One of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters which are not covered under the terms of the title insurance policy and should be carefully considered.***

***It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects and encumbrances affecting title to the land.***

Chicago Title Company

By: _____
Authorized Signature

By: _____
Michael J. Nolan
President

ATTEST: _____
Marjorie Nemzura
Secretary

CLTA Preliminary Report Form – Modified (11/17/06)                                                            Page 1

# Chicago Title Company

725 South Figueroa Street, Suite 200, Los Angeles, CA 90017
Phone:  (213) 488-4300 ● Fax:  (213) 488-4377

## PRELIMINARY REPORT

**EFFECTIVE DATE:**              **February 4, 2022 at 7:30 a.m.**

**ORDER NO.:  00166345-994-LT2-1TW**

The form of policy or policies of title insurance contemplated by this report is:

Preliminary Report Only

1.      THE ESTATE OR INTEREST IN THE LAND HEREINAFTER DESCRIBED OR REFERRED TO COVERED BY THIS REPORT IS:

A Fee

2.      TITLE TO SAID ESTATE OR INTEREST AT THE DATE HEREOF IS VESTED IN:

CRESTLLOYD, LLC, a California limited liability company, in receivership by Order of the Superior Court of California, County of Los Angeles, West District, Case No. 21SMCV01113, a certified copy thereof being recorded July 20, 2021 as Instrument No. 2021-1113331 of Official Records, wherein Theodore Lanes was duly appointed as receiver, subject to the terms, provisions and restrictions set out in said Order, and subject to proceedings pending in the bankruptcy court where a petition for relief was filed October 26, 2021 on behalf of Crestlloyd, LLC in U.S. District, Court Central District of California, Case No. B18205.

3.      THE LAND REFERRED TO IN THIS REPORT IS DESCRIBED AS FOLLOWS:

See Exhibit A attached hereto and made a part hereof.

## EXHIBIT "A"

## LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF LOS ANGELES, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

LOTS 1 AND 2 OF TRACT NO. 22727, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 623 PAGE(S) 81 TO 83 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPTING THEREFROM THAT PORTION OF SAID LOTS LYING WESTERLY OF THE FOLLOWING DESCRIBED LINE:

BEGINNING AT A POINT IN THE NORTHWESTERLY TERMINUS OF AIROLE WAY, 30 FEET WIDE, AS SHOWN ON SAID MAP, DISTANT THEREON SOUTH 76° 06' 07" 'WEST 2.86 FEET FROM THE MOST NORTHERLY CORNER THEREOF; THENCE LEAVING SAID TERMINUS ALONG A CURVE CONCAVE WESTERLY, HAVING A RADIUS OF 361.97 FEET AND CONCENTRIC WITH THAT CERTAIN CURVE IN THE WESTERLY LINE OF SAID LOT 1 HAVING A RADIUS OF 349.83 FEET; THENCE NORTHERLY 22.69 FEET ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 03° 35' 48" TO THE BEGINNING OF A COMPOUND CURVE, CONCAVE SOUTHWESTERLY AND HAVING A RADIUS OF 175.66 FEET; THENCE NORTHWESTERLY 119.88 FEET ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 39° 06' 53"; THENCE NORTH 56° 36' 22" WEST 7.97 FEET TO THE BEGINNING OF A CURVE CONCAVE NORTHEASTERLY AND HAVING A RADIUS OF 90.80 FEET; THENCE NORTHWESTERLY 71.18 FEET ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 44° 55' 04"; THENCE NORTH 11° 41' 18" WEST 208.55 FEET TO THE BEGINNING OF A CURVE CONCAVE EASTERLY AND HAVING A RADIUS OF 35.90 FEET; THENCE NORTHERLY 34.44 FEET ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 56° 32' 34"; THENCE NORTH 44° 51' 16" EAST 42.37 FEET TO THE CURVED SOUTHEASTERLY LINE OF STRADELLA ROAD, 40 FEET WIDE, AS SHOWN ON SAID MAP.

PARCEL 2:

THAT PORTION OF LOT 3 IN BLOCK 3 OF TRACT NO. 9745, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 141 PAGES 93 TO 96 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, LYING NORTHERLY OF THE FOLLOWING DESCRIBED LINE:

BEGINNING AT A POINT IN THE EASTERLY LINE OF SAID LOT, DISTANCE THEREON SOUTH 13° 13' 20" EAST 34.33 FEET FROM THE NORTHERLY TERMINUS OF THAT CERTAIN COURSE IN SAID EASTERLY LINE SHOWN ON SAID MAP AS HAVING A BEARING AND LENGTH OF NORTH 13° 13' 20" WEST 106.35 FEET; THENCE NORTH 89° 27' 20" WEST 214.07 FEET, MORE OR LESS, TO A POINT IN THE WESTERLY LINE OF SAID LOT, DISTANT SOUTHERLY THEREON 54.93 FEET FROM THE NORTHERLY TERMINUS OF THAT CERTAIN CURVE IN SAID WESTERLY LINE HAVING A LENGTH OF 115.83 FEET.

APN:  **4369-026-021**

PRELIMINARY REPORT                                                                Chicago Title Company
YOUR REFERENCE:                                                      ORDER NO.:  00166345-994-LT2-1TW

## EXCEPTIONS

**AT THE DATE HEREOF, ITEMS TO BE CONSIDERED AND EXCEPTIONS TO COVERAGE IN ADDITION TO THE PRINTED EXCEPTIONS AND EXCLUSIONS IN SAID POLICY FORM WOULD BE AS FOLLOWS:**

A1.     Property taxes, which are a lien not yet due and payable, including any assessments collected with taxes to be levied for the fiscal year 2022-2023.

A.      Property taxes, including any personal property taxes and any assessments collected with taxes are as follows:

        Tax Identification No.:    4369-026-021
        Fiscal Year:               2021-2022
        1st Installment:           $701,465.73, Paid (payment late and penalty applies)
        **Penalty:**               **$70,146.57**
        2nd Installment:           $701,465.71, Unpaid
        Penalty:                   $70,156.57

B.      Said property has been declared tax defaulted for non-payment of delinquent taxes for the fiscal year 2020

        APN No.:                   4369-026-021

        Amounts to redeem for the above-stated fiscal year (and subsequent years if any) are:

        Amount:                    $1,832,407.68 by February 28, 2022

C.      An assessment by the improvement district shown below:

        Series:                    AD #1
        District:                  County of Los Angeles
        For:                       MRCA-Brush Fire Clear'g Dist #1
        Bond issued:               August 6, 2003

        Said assessment is collected with the county/city property taxes.

        Said assessment is also disclosed by a Notice of Amended Assessment, recorded January 26, 2015 as Instrument No. 2015-089995 of Official Records.

D.      The herein described property lies within the boundaries of a Community Facilities District (CFD) as follows:

        CFD No:                    2016-1
        For:                       Fire Prevention, Wildlife Corridor and Open Space Protection and other associated purposes
        Disclosed by:              Notice of Special Tax Lien
        Recording Date:            January 13, 2017
        Recording No.:             20170055098, Official Records

        This property, along with all other parcels in the CFD, is liable for an annual special tax. This special tax is included with and payable with the general property taxes of the County of Los Angeles.

PRELIMINARY REPORT
YOUR REFERENCE:

Chicago Title Company
ORDER NO.:  00166345-994-LT2-1TW

# EXCEPTIONS
## (Continued)

E.     The lien of supplemental or escaped assessments of property taxes, if any, made pursuant to the provisions of Chapter 3.5 (commencing with Section 75) or Part 2, Chapter 3, Articles 3 and 4, respectively, of the Revenue and Taxation Code of the State of California as a result of the transfer of title to the vestee named in Schedule A or as a result of changes in ownership or new construction occurring prior to Date of Policy.

F.     The herein described property lies within the boundaries of a Community Facilities District (CFD) as follows:

| | |
|---|---|
| CFD No: | 2020-1 |
| For: | Local Fire Prevention, Water Quality and Open Space Measure and other associated purposes |
| Disclosed by: | Notice of Special Tax Lien |
| Recording Date: | February 10, 2021 |
| Recording No.: | 2021-0235371, Official Records |

This property, along with all other parcels in the CFD, is liable for an annual special tax. This special tax is included with and payable with the general property taxes of the County of Los Angeles.

1.     Water rights, claims or title to water, whether or not disclosed by the public records.

2.     Easement(s) for the purpose(s) shown below and rights incidental thereto as delineated or as offered for dedication, on the map of said Tract No. 22727;

| | |
|---|---|
| Purpose: | Drainage |
| Affects: | That portion of said land as shown on said map |

3.     Covenants, conditions and restrictions but omitting any covenants or restrictions, if any, including but not limited to those based upon race, color, religion, sex, sexual orientation, familial status, marital status, disability, handicap, national origin, citizenship, immigration status, primary language, ancestry, source of income, gender, gender identity, gender expression, medical condition or genetic information, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law, as set forth in the document

| | |
|---|---|
| Recording Date: | November 13, 1947 |
| Recording No: | 1860, Official Records |

Said covenants, conditions and restrictions provide that a violation thereof shall not defeat the lien of any mortgage or deed of trust made in good faith and for value.

Modification(s) of said covenants, conditions and restrictions

| | |
|---|---|
| Recording Date: | February 7, 1949 |
| Recording No: | 2309, Official Records |

Modification(s) of said covenants, conditions and restrictions

| | |
|---|---|
| Recording Date: | April 15, 1949 |
| Recording No: | 2654, Official Records |

Chicago Title Company
ORDER NO.:  00166345-994-LT2-1TW

# EXCEPTIONS
## (Continued)

4.      Covenant and agreement wherein the owners agree to hold said Land as one parcel and not to sell any portion thereof separately. Said covenant is expressed to run with the Land and be binding upon future owners.

| | |
|---|---|
| Recording Date: | June 22, 1981 |
| Recording No.: | 81-620826, Official Records |

Reference is hereby made to said document for full particulars.

5.      An instrument entitled Master Covenant and Agreement

| | |
|---|---|
| Executed by: | Michael t. Walkup and Edith A. Press |
| In favor of: | City of Los Angeles |
| Recording Date: | December 22, 1994 |
| Recording No: | 94-2260589, Official Records |

Reference is hereby made to said document for full particulars.

6.      Matters contained in that certain document

| | |
|---|---|
| Entitled: | Certificate of Compliance |
| Dated: | L.A. No. 94-062 |
| Executed by: | City of Los Angeles Department of City Planning |
| Recording Date: | December 22, 1994 |
| Recording No: | 94-2260586, Official Records |

Reference is hereby made to said document for full particulars.

7.      A deed of trust to secure an indebtedness in the amount shown below,

| | |
|---|---|
| Amount: | $14,040,000.00 |
| Dated: | March 13, 2013 |
| Trustor/Grantor | Crestlloyd LLC, a California limited liability company |
| Trustee: | First American Title Insurance Company, a California corporation |
| Beneficiary: | Inferno Realty, L.P., as to an undivided $7,040,000.00 and Maybach Corporation Holdings, Inc., as to an undivided $7,000,000.00 interest, as tenants in common |
| Recording Date: | March 13, 2013 |
| Recording No: | 20130384037, Official Records |

By various assignments, the beneficial interest thereunder is now held of record in:

| | |
|---|---|
| Assignee: | Inferno Investment Inc. |
| Recording Date: | November 10, 2015 |
| Recording No: | 20151375607, Official Records |

An agreement to modify the terms and provisions of said deed of trust as therein provided

| | |
|---|---|
| Executed by: | Crestlloyd, LLC, a California Limited Liability Company and Inferno Investment Inc. |
| Recording Date: | November 10, 2015 |
| Recording No: | 20151375608, Official Records |

PRELIMINARY REPORT                                                              Chicago Title Company
YOUR REFERENCE:                                                    ORDER NO.:  00166345-994-LT2-1TW

## EXCEPTIONS
### (Continued)

An agreement recorded November 6, 2018 as Instrument No. 20181122920, Official Records which states that this instrument was subordinated to the document or interest described in the instrument

Recording Date:          November 6, 2018
Recording No.:           20181122917, Official Records

8.      Covenant and agreement wherein the owners agree to hold said Land as one parcel and not to sell any portion thereof separately. Said covenant is expressed to run with the Land and be binding upon future owners.

Recording Date:          September 5, 2013
Recording No.:           20131298666, Official Records

Reference is hereby made to said document for full particulars.

9.      An instrument entitled Master Covenant and Agreement Regarding On-Site BMP Maintenance

Executed by:             Nile Niami
In favor of:             City of Los Angeles
Recording Date:          September 24, 2013
Recording No:            20131385742, Official Records

Reference is hereby made to said document for full particulars.

10.     An instrument entitled Master Covenant and Agreement Regarding On-Site BMP Maintenance

Executed by:             Nile Niami
In favor of:             City of Los Angeles
Recording Date:          February 7, 2014
Recording No:            20140139714, Official Records

Reference is hereby made to said document for full particulars.

11.     An irrevocable offer to dedicate an easement over a portion of said Land for

Purpose(s):              Public street
Recording Date:          June 4, 2014
Recording No:            20140578201, Official Records

Said offer was accepted by resolution, a certified copy of which was recorded April 10, 2015 as Instrument No. 20150395929, of Official Records..

12.     An instrument entitled Covenant and Agreement Regarding Maintenance of Building

Executed by:             Nile Niami
In favor of:             City of Los Angeles
Recording Date:          February 17, 2016
Recording No:            20160172858, Official Records

Reference is hereby made to said document for full particulars.

## EXCEPTIONS
### (Continued)

13.    A deed of trust to secure an indebtedness in the amount shown below,

| | |
|---|---|
| Amount: | $82,500,000.00 |
| Dated: | October 25, 2018 |
| Trustor/Grantor | Crestlloyd, LLC, a California limited liability company |
| Trustee: | Chicago Title Company |
| Beneficiary: | Hankey Capital, LLC, a California limited liability company |
| Recording Date: | November 6, 2018 |
| Recording No: | 20181122917, Official Records |

An agreement to modify the terms and provisions of said deed of trust as therein provided

| | |
|---|---|
| Recording Date: | August 31, 2020 |
| Recording No: | 20201030024 of Official Records |

A notice of default under the terms of said trust deed

| | |
|---|---|
| Executed by: | Chicago Title Company |
| Recording Date: | March 5, 2021 |
| Recording No: | 2021-0367447 of Official Records |

A notice of trustee's sale under said deed of trust

| | |
|---|---|
| Executed by: | Chicago Title Company, trustee |
| Date, Time and Place of Sale: | July 12, 2021 at 11:00 am by the fountain located at 400 Civic Center Plaza, Pomona, CA 91766 |
| Recording Date: | June 14, 2021 |
| Recording No: | 2021-0934061 of Official Records |

14.    Matters contained in that certain document

| | |
|---|---|
| Entitled: | Memorandum of Agreement |
| Executed by: | Hankey Capital, LLC, a California limited liability company and Crestlloyd, LLC, a California limited liability company |
| Recording Date: | November 6, 2018 |
| Recording No: | 20181122919, Official Records |

| | |
|---|---|
| Recording Dare: | August 31, 2020 |
| Recording No.: | 20201030294 of Official Records |

Reference is hereby made to said document for full particulars.

15.    A deed of trust to secure an indebtedness in the amount shown below,

| | |
|---|---|
| Amount: | $30,188,235.00 |
| Dated: | October 16, 2018 |
| Trustor/Grantor | Crestlloyd, LLC, a California limited liability company |
| Trustee: | Chicago Title Company |
| Beneficiary: | YOGI Securities Holdings, LLC, a Nevada limited liability company |
| Recording Date: | November 7, 2018 |
| Recording No: | 20181126580, Official Records |

PRELIMINARY REPORT                                                                Chicago Title Company
YOUR REFERENCE:                                                         ORDER NO.:  00166345-994-LT2-1TW

## EXCEPTIONS
### (Continued)

16.    A deed of trust to secure an indebtedness in the amount shown below,

|  |  |
|---|---|
| Amount: | $6,196,810.64 |
| Dated: | September 18, 2019 |
| Trustor/Grantor | Crestlloyd, LLC, a California limited liability company |
| Trustee: | Chicago Title Company |
| Beneficiary: | YOGI Securities Holdings, LLC, a Nevada limited liability company |
| Recording Date: | September 23, 2019 |
| Recording No: | 20190989746, Official Records |

The effect of a Substitution of Trustee and Full Reconveyance, recorded January 14, 2021 as Instrument No. 2021-076458 of Official Records.

(Note: We will require evidence of the full payment or satisfaction of said deed of trust as there does not appear to be an off-setting transaction of record.)

17.    An instrument entitled Covenant and Agreement Regarding Maintenance of Building

|  |  |
|---|---|
| Executed by: | Crestlloyd, LLC |
| In favor of: | City of Los Angeles |
| Recording Date: | December 2, 2019 |
| Recording No: | 20191317943, Official Records |

Reference is hereby made to said document for full particulars.

18.    Any rights of the parties in possession of a portion of, or all of, said Land, which rights are not disclosed by the public records.

19.    Matters which may be disclosed by an inspection and/or by a correct ALTA/NSPS Land Title Survey of said Land that is satisfactory to the Company, and/or by inquiry of the parties in possession thereof.

20.    A claim of mechanic's lien or materialman's lien

|  |  |
|---|---|
| Claimant: | American Truck & Tool Rentals Inc./American Rentals |
| Amount: | $97,050.34 |
| Recording Date: | June 29, 2020 |
| Recording No: | 20200709010 of Official Records |

A Notice of Pending Action to foreclose said lien

|  |  |
|---|---|
| County: | Los Angeles |
| Court: | Superior |
| Case No.: | 20SMCV01229 (consolidated with 20SMCV01264) |
| Recording Date: | May 5, 2021 |
| Recording No: | 2021-0717597 of Official Records |

CLTA Preliminary Report Form – Modified (11/17/06)                                                Page 9

PRELIMINARY REPORT
YOUR REFERENCE:

Chicago Title Company
ORDER NO.:  00166345-994-LT2-1TW

# EXCEPTIONS
## (Continued)

21.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | J&E Texture, Inc. |
| Amount: | $214,147.50 |
| Recording Date: | June 30, 2020 |
| Recording No: | 20200712043 of Official Records |

A Notice of Pending Action to foreclose said lien

| | |
|---|---|
| County: | Los Angeles |
| Court: | Superior |
| Case No.: | 20SMCV01229 |
| Recording Date: | December 14, 2020 |
| Recording No: | 2020-01647158 of Official Records |

A Notice of Pending Action to foreclose said lien

| | |
|---|---|
| County: | Los Angeles |
| Court: | Superior |
| Case No.: | 20SMCV01229 (consolidated with 20SMCV01264) |
| Recording Date: | May 5, 2021 |
| Recording No: | 2021-0717597 of Official Records |

22.    A deed of trust to secure an indebtedness in the amount shown below,

| | |
|---|---|
| Amount: | $5,000,000.00 |
| Dated: | February 11, 2020 |
| Trustor/Grantor | CRESTLLOYD, LLC, a California limited liability company |
| Trustee: | Pacific Coast Title Company |
| Beneficiary: | Hilldun Corporation, a New York corporation |
| Recording Date: | September 4, 2020 |
| Recording No: | 20201058770 of Official Records |

23.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | JMS Air Conditioning and Appliance Services, Inc. |
| Amount: | $51,290.00 |
| Recording Date: | May 6, 2021 |
| Recording No: | 2021-0722265 of Official Records |

24.    A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Calgrove Rentals Inc. |
| Amount: | $12,338.95 |
| Recording Date: | June 1, 2021 |
| Recording No: | 2021-0868958 of Official Records |

# EXCEPTIONS
## (Continued)

25.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | BMC West LLC |
| Amount: | $2,398.60 |
| Recording Date: | July 16, 2021 |
| Recording No: | 2021-1102584 of Official Records |

26.     A Receiver's Certificate #1

| | |
|---|---|
| In favor of: | Hankey Capital, LLC and Theodore Lanes, in his capacity as Receiver |
| Amount: | $577,745.00 |
| Case No.: | 21SMCV01113 Superior Court Los Angeles County |
| Recording Date: | July 23, 2021 |
| Recording No: | 2021-1136088 of Official Records |

27.     A Notice of Pending Lien

| | |
|---|---|
| Executed by: | City of Los Angeles |
| Recording Date: | January 31, 2020 |
| Recording No: | 2020-0124042 of Official Records |

28.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Parquet By Dian |
| Amount: | $40,846.00 |
| Recording Date: | September 8, 2021 |
| Recording No: | 2021-1373746 of Official Records |

29.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Powertek Electric, Inc. |
| Amount: | $40,480.00 |
| Recording Date: | September 23, 2021 |
| Recording No: | 2021-1455960 of Official Records |

30.     A claim of mechanic's lien or materialman's lien

| | |
|---|---|
| Claimant: | Kennco Plumbing, Inc. |
| Amount: | $85,560.17 |
| Recording Date: | October 5, 2021 |
| Recording No: | 2021-1508207 of Official Records |

A Notice of Pending Action to foreclose said lien

| | |
|---|---|
| County: | Los Angeles |
| Court: | Superior |
| Case No.: | 21SMCV01656 |
| Recording Date: | October 21, 2021 |
| Recording No: | 20211585116 of Official Records |

# EXCEPTIONS
## (Continued)

31.    A Chapter 11 Petition

Debtor's Name:        Crestlloyd, LLC
Recording Date:       November 8, 2021
Recording No:         20211666304 of Official Records

32.    **ANY LIEN OR RIGHT TO A LIEN FOR SERVICES, LABOR OR MATERIAL NOT SHOWN BY THE PUBLIC RECORDS.**

33.    A deed of trust to secure an indebtedness in the amount shown below,

Amount:               $12,000,000.00 and $120,000.00
Dated:                December 13, 2021
Trustor/Grantor       Crestlloyd, LLC, a California limited liability company, debtor and debtor in possession in a pending Chapter 11 bankruptcy case commenced on October 26, 2021
Trustee:              Chicago Title Company
Beneficiary:          Hankey Capital, LLC, a California limited liability company
Recording Date:       January 26, 2022
Recording No:         20220103108, Official Records

**PLEASE REFER TO THE "INFORMATIONAL NOTES" AND "REQUIREMENTS" SECTIONS WHICH FOLLOW FOR INFORMATION NECESSARY TO COMPLETE THIS TRANSACTION.**

---

**END OF EXCEPTIONS**

---

# REQUIREMENTS SECTION

1.      Unrecorded matters which may be disclosed by an Owner's Affidavit or Declaration. A form of the Owner's Affidavit/Declaration is attached to this Preliminary Report/Commitment. This Affidavit/Declaration is to be completed by the record owner of the land and submitted for review prior to the closing of this transaction. Your prompt attention to this requirement will help avoid delays in the closing of this transaction. Thank you.

        The Company reserves the right to add additional items or make further requirements after review of the requested Affidavit/Declaration.

2.      The Company will require the following documents for review prior to the issuance of any title insurance predicated upon a conveyance or encumbrance from the entity named below:

        Limited Liability Company:        Crestlloyd, LLC, a California limited liability company

        a)      A copy of its operating agreement, if any, and all amendments, supplements and/or modifications thereto, certified by the appropriate manager or member.

        b)      If a domestic Limited Liability Company, a copy of its Articles of Organization and all amendments thereto with the appropriate filing stamps.

        c)      If the Limited Liability Company is member-managed, a full and complete current list of members certified by the appropriate manager or member.

        d)      A current dated certificate of good standing from the proper governmental authority of the state in which the entity is currently domiciled.

        e)      If less than all members, or managers, as appropriate, will be executing the closing documents, furnish evidence of the authority of those signing.

        f)      If Limited Liability Company is a Single Member Entity, a Statement of Information for the Single Member will be required.

        g)      Each member and manager of the LLC without an Operating Agreement must execute in the presence of a notary public the Certificate of California LLC (Without an Operating Agreement) Status and Authority form.

3.      In order to complete this report, the Company requires a Statement of Information to be completed by the following party(s),

        Party(s):                All Individual Parties

        The Company reserves the right to add additional items or make further requirements after review of the requested Statement of Information.

        NOTE:  The Statement of Information is necessary to complete the search and examination of title under this order. Any title search includes matters that are indexed by name only, and having a completed Statement of Information assists the Company in the elimination of certain matters which appear to involve the parties but in fact affect another party with the same or similar name. Be assured that the Statement of Information is essential and will be kept strictly confidential to this file.

---

**END OF REQUIREMENTS**

---

## REQUIREMENTS
### (Continued)

# INFORMATIONAL NOTES SECTION

1.      The Company is not aware of any matters which would cause it to decline to attach CLTA Endorsement
        Form 116 indicating that there is located on said Land Single Family Residential property, known as 944
        Ariole Way, located within the city of Los Angeles, California, , to an Extended Coverage Loan Policy.

2.      Note:  The policy of title insurance will include an arbitration provision. The Company or the insured may
        demand arbitration. Arbitrable matters may include, but are not limited to, any controversy or claim
        between the Company and the insured arising out of or relating to this policy, any service of the Company
        in connection with its issuance or the breach of a policy provision or other obligation. Please ask your
        escrow or title officer for a sample copy of the policy to be issued if you wish to review the arbitration
        provisions and any other provisions pertaining to your Title Insurance coverage.

3.      Notice: Please be aware that due to the conflict between federal and state laws concerning the
        cultivation, distribution, manufacture or sale of marijuana, the Company is not able to close or insure any
        transaction involving Land that is associated with these activities.

---

## END OF INFORMATIONAL NOTES

Ted Tan/Jennifer Wright (LA/Comm)/tt6

WIRE SAFE™ | Inquire before you wire!

# Wire Fraud Alert

*This Notice is not intended to provide legal or professional advice. If you have any questions, please consult with a lawyer.*

All parties to a real estate transaction are targets for wire fraud and many have lost hundreds of thousands of dollars because they simply relied on the wire instructions received via email, without further verification. **If funds are to be wired in conjunction with this real estate transaction, we strongly recommend verbal verification of wire instructions through a known, trusted phone number prior to sending funds.**

In addition, the following non-exclusive self-protection strategies are recommended to minimize exposure to possible wire fraud.

- **NEVER RELY** on emails purporting to change wire instructions. Parties to a transaction rarely change wire instructions in the course of a transaction.

- **ALWAYS VERIFY** wire instructions, specifically the ABA routing number and account number, by calling the party who sent the instructions to you. DO NOT use the phone number provided in the email containing the instructions, use phone numbers you have called before or can otherwise verify. **Obtain the phone number of relevant parties to the transaction as soon as an escrow account is opened**. DO NOT send an email to verify as the email address may be incorrect or the email may be intercepted by the fraudster.

- **USE COMPLEX EMAIL PASSWORDS** that employ a combination of mixed case, numbers, and symbols. Make your passwords greater than eight (8) characters. Also, change your password often and do NOT reuse the same password for other online accounts.

- **USE MULTI-FACTOR AUTHENTICATION** for email accounts. Your email provider or IT staff may have specific instructions on how to implement this feature.

For more information on wire-fraud scams or to report an incident, please refer to the following links:

| *Federal Bureau of Investigation:* | *Internet Crime Complaint Center:* |
|:---:|:---:|
| *http://www.fbi.gov* | *http://www.ic3.gov* |

*TM and © Fidelity National Financial, Inc. and/or an affiliate. All rights reserved*

# Chicago Title Company

725 South Figueroa Street, Suite 200, Los Angeles, CA 90017
Phone: (213) 488-4300 ● Fax: (213) 488-4377

## Notice of Available Discounts

Pursuant to Section 2355.3 in Title 10 of the California Code of Regulations Fidelity National Financial, Inc. and its subsidiaries ("FNF") must deliver a notice of each discount available under our current rate filing along with the delivery of escrow instructions, a preliminary report or commitment. Please be aware that the provision of this notice does not constitute a waiver of the consumer's right to be charged the filed rate. As such, your transaction may not qualify for the below discounts.

You are encouraged to discuss the applicability of one or more of the below discounts with a Company representative. These discounts are generally described below; consult the rate manual for a full description of the terms, conditions and requirements for such discount. These discounts only apply to transactions involving services rendered by the FNF Family of Companies. This notice only applies to transactions involving property improved with a one-to-four family residential dwelling.

Not all discounts are offered by every FNF Company. The discount will only be applicable to the FNF Company as indicated by the named discount.

| **FNF Underwritten Title Company** | **Underwritten by FNF Underwriters** |
| --- | --- |
| CTC – Chicago Title company | CTIC – Chicago Title Insurance Company |
| CLTC – Commonwealth Land Title Company | CLTIC - Commonwealth Land Title Insurance Company |
| FNTC – Fidelity National Title Company of California | FNTIC – Fidelity National Title Insurance Company |
| FNTCCA - Fidelity National Title Company of California | FNTIC - Fidelity National Title Insurance Company |
| TICOR – Ticor Title Company of California | CTIC – Chicago Title Insurance Company |
| LTC – Lawyer's Title Company | CLTIC – Commonwealth Land Title Insurance Company |
| SLTC – ServiceLink Title Company | CTIC – Chicago Title Insurance Company |

## Available Discounts

**DISASTER LOANS (CTIC, CLTIC, FNTIC)**
The charge for a Lender's Policy (Standard or Extended coverage) covering the financing or refinancing by an owner of record, within twenty-four (24) months of the date of a declaration of a disaster area by the government of the United States or the State of California on any land located in said area, which was partially or totally destroyed in the disaster, will be fifty percent (50%) of the appropriate title insurance rate.

**CHURCHES OR CHARITABLE NON-PROFIT ORGANIZATIONS (CTIC, FNTIC)**
On properties used as a church or for charitable purposes within the scope of the normal activities of such entities, provided said charge is normally the church's obligation the charge for an owner's policy shall be fifty percent (50%) to seventy percent (70%) of the appropriate title insurance rate, depending on the type of coverage selected. The charge for a lender's policy shall be forty (40%) to fifty percent (50%) of the appropriate title insurance rate, depending on the type of coverage selected.

## FIDELITY NATIONAL FINANCIAL, INC.
## PRIVACY NOTICE

Effective August 1, 2021

Fidelity National Financial, Inc. and its majority-owned subsidiary companies (collectively, "FNF," "our," or "we") respect and are committed to protecting your privacy. This Privacy Notice explains how we collect, use, and protect personal information, when and to whom we disclose such information, and the choices you have about the use and disclosure of that information.

A limited number of FNF subsidiaries have their own privacy notices. If a subsidiary has its own privacy notice, the privacy notice will be available on the subsidiary's website and this Privacy Notice does not apply.

### Collection of Personal Information
FNF may collect the following categories of Personal Information:
- contact information (*e.g.*, name, address, phone number, email address);
- demographic information (*e.g.*, date of birth, gender, marital status);
- identity information (*e.g.* Social Security Number, driver's license, passport, or other government ID number);
- financial account information (*e.g.* loan or bank account information); and
- other personal information necessary to provide products or services to you.

We may collect Personal Information about you from:
- information we receive from you or your agent;
- information about your transactions with FNF, our affiliates, or others; and
- information we receive from consumer reporting agencies and/or governmental entities, either directly from these entities or through others.

### Collection of Browsing Information
FNF automatically collects the following types of Browsing Information when you access an FNF website, online service, or application (each an "FNF Website") from your Internet browser, computer, and/or device:
- Internet Protocol (IP) address and operating system;
- browser version, language, and type;
- domain name system requests; and
- browsing history on the FNF Website, such as date and time of your visit to the FNF Website and visits to the pages within the FNF Website.

Like most websites, our servers automatically log each visitor to the FNF Website and may collect the Browsing Information described above. We use Browsing Information for system administration, troubleshooting, fraud investigation, and to improve our websites. Browsing Information generally does not reveal anything personal about you, though if you have created a user account for an FNF Website and are logged into that account, the FNF Website may be able to link certain browsing activity to your user account.

### Other Online Specifics
Cookies. When you visit an FNF Website, a "cookie" may be sent to your computer. A cookie is a small piece of data that is sent to your Internet browser from a web server and stored on your computer's hard drive. Information gathered using cookies helps us improve your user experience. For example, a cookie can help the website load properly or can customize the display page based on your browser type and user preferences. You can choose whether or not to accept cookies by changing your Internet browser settings. Be aware that doing so may impair or limit some functionality of the FNF Website.

Web Beacons. We use web beacons to determine when and how many times a page has been viewed. This information is used to improve our websites.

Do Not Track. Currently our FNF Websites do not respond to "Do Not Track" features enabled through your browser.

Links to Other Sites. FNF Websites may contain links to unaffiliated third-party websites. FNF is not responsible for the privacy practices or content of those websites. We recommend that you read the privacy policy of every website you visit.

### Use of Personal Information
FNF uses Personal Information for three main purposes:
- To provide products and services to you or in connection with a transaction involving you.
- To improve our products and services.
- To communicate with you about our, our affiliates', and others' products and services, jointly or independently.

### When Information Is Disclosed
We may disclose your Personal Information and Browsing Information in the following circumstances:
- to enable us to detect or prevent criminal activity, fraud, material misrepresentation, or nondisclosure;
- to nonaffiliated service providers who provide or perform services or functions on our behalf and who agree to use the information only to provide such services or functions;

Copyright © 2021. Fidelity National Financial, Inc. All Rights Reserved
Order No. 00166345-994-LT2-1TW

- to nonaffiliated third party service providers with whom we perform joint marketing, pursuant to an agreement with them to jointly market financial products or services to you;
- to law enforcement or authorities in connection with an investigation, or in response to a subpoena or court order; or
- in the good-faith belief that such disclosure is necessary to comply with legal process or applicable laws, or to protect the rights, property, or safety of FNF, its customers, or the public.

The law does not require your prior authorization and does not allow you to restrict the disclosures described above. Additionally, we may disclose your information to third parties for whom you have given us authorization or consent to make such disclosure. We do not otherwise share your Personal Information or Browsing Information with nonaffiliated third parties, except as required or permitted by law. We may share your Personal Information with affiliates (other companies owned by FNF) to directly market to you. Please see "Choices with Your Information" to learn how to restrict that sharing.

We reserve the right to transfer your Personal Information, Browsing Information, and any other information, in connection with the sale or other disposition of all or part of the FNF business and/or assets, or in the event of bankruptcy, reorganization, insolvency, receivership, or an assignment for the benefit of creditors. By submitting Personal Information and/or Browsing Information to FNF, you expressly agree and consent to the use and/or transfer of the foregoing information in connection with any of the above described proceedings.

## Security of Your Information
We maintain physical, electronic, and procedural safeguards to protect your Personal Information.

## Choices With Your Information
If you do not want FNF to share your information among our affiliates to directly market to you, you may send an "opt out" request as directed at the end of this Privacy Notice. We do not share your Personal Information with nonaffiliates for their use to direct market to you without your consent.

Whether you submit Personal Information or Browsing Information to FNF is entirely up to you. If you decide not to submit Personal Information or Browsing Information, FNF may not be able to provide certain services or products to you.

For California Residents: We will not share your Personal Information or Browsing Information with nonaffiliated third parties, except as permitted by California law. For additional information about your California privacy rights, please visit the "California Privacy" link on our website (https://fnf.com/pages/californiaprivacy.aspx) or call (888) 413-1748.

For Nevada Residents: You may be placed on our internal Do Not Call List by calling (888) 714-2710 or by contacting us via the information set forth at the end of this Privacy Notice. Nevada law requires that we also provide you with the following contact information: Bureau of Consumer Protection, Office of the Nevada Attorney General, 555 E. Washington St., Suite 3900, Las Vegas, NV 89101; Phone number: (702) 486-3132; email: BCPINFO@ag.state.nv.us.
For Oregon Residents:  We will not share your Personal Information or Browsing Information with nonaffiliated third parties for marketing purposes, except after you have been informed by us of such sharing and had an opportunity to indicate that you do not want a disclosure made for marketing purposes.

For Vermont Residents: We will not disclose information about your creditworthiness to our affiliates and will not disclose your personal information, financial information, credit report, or health information to nonaffiliated third parties to market to you, other than as permitted by Vermont law, unless you authorize us to make those disclosures.

## Information From Children
The FNF Websites are not intended or designed to attract persons under the age of eighteen (18).We do not collect Personal Information from any person that we know to be under the age of thirteen (13) without permission from a parent or guardian.

## International Users
FNF's headquarters is located within the United States. If you reside outside the United States and choose to provide Personal Information or Browsing Information to us, please note that we may transfer that information outside of your country of residence. By providing FNF with your Personal Information and/or Browsing Information, you consent to our collection, transfer, and use of such information in accordance with this Privacy Notice.

## FNF Website Services for Mortgage Loans
Certain FNF companies provide services to mortgage loan servicers, including hosting websites that collect customer information on behalf of mortgage loan servicers (the "Service Websites"). The Service Websites may contain links to both this Privacy Notice and the mortgage loan servicer or lender's privacy notice. The sections of this Privacy Notice titled When Information is Disclosed, Choices with Your Information, and Accessing and Correcting Information do not apply to the Service Websites. The mortgage loan servicer or lender's privacy notice governs use, disclosure, and access to your Personal Information. FNF does not share Personal Information collected through the Service Websites, except as required or authorized by contract with the mortgage loan servicer or lender, or as required by law or in the good-faith belief that such disclosure is necessary: to comply with a legal process or applicable law, to enforce this Privacy Notice, or to protect the rights, property, or safety of FNF or the public.

Copyright © 2021. Fidelity National Financial, Inc. All Rights Reserved
Order No. 00166345-994-LT2-1TW

**Your Consent To This Privacy Notice; Notice Changes**

By submitting Personal Information and/or Browsing Information to FNF, you consent to the collection and use of the information in accordance with this Privacy Notice. We may change this Privacy Notice at any time. The Privacy Notice's effective date will show the last date changes were made. If you provide information to us following any change of the Privacy Notice, that signifies your assent to and acceptance of the changes to the Privacy Notice.

**Accessing and Correcting Information; Contact Us**

If you have questions, would like to correct your Personal Information, or want to opt-out of information sharing for affiliate marketing, visit FNF's Opt Out Page or contact us by phone at (888) 714-2710 or by mail to:

Fidelity National Financial, Inc.
601 Riverside Avenue,
Jacksonville, Florida 32204
Attn: Chief Privacy Officer

# ATTACHMENT ONE (Revised 05-06-16)

### CALIFORNIA LAND TITLE ASSOCIATION
### STANDARD COVERAGE POLICY – 1990

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1.  (a)  Any law, ordinance or governmental regulation (including but not limited to building or zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien, or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
    (b)  Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.
2.  Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.
3.  Defects, liens, encumbrances, adverse claims or other matters:
    (a)  whether or not recorded in the public records at Date of Policy, but created, suffered, assumed or agreed to by the insured claimant;
    (b)  not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;
    (c)  resulting in no loss or damage to the insured claimant;
    (d)  attaching or created subsequent to Date of Policy; or
    (e)  resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage or for the estate or interest insured by this policy.
4.  Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with the applicable doing business laws of the state in which the land is situated.
5.  Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.
6.  Any claim, which arises out of the transaction vesting in the insured the estate of interest insured by this policy or the transaction creating the interest of the insured lender, by reason of the operation of federal bankruptcy, state insolvency or similar creditors' rights laws.

### EXCEPTIONS FROM COVERAGE - SCHEDULE B, PART I

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

1.  Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.
    Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public records.
2.  Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of the land or which may be asserted by persons in possession thereof.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the public records.
4.  Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the public records.
6.  Any lien or right to a lien for services, labor or material not shown by the public records.

### CLTA HOMEOWNER'S POLICY OF TITLE INSURANCE (12-02-13)
### ALTA HOMEOWNER'S POLICY OF TITLE INSURANCE

### EXCLUSIONS

In addition to the Exceptions in Schedule B, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:

1.  Governmental police power, and the existence or violation of those portions of any law or government regulation concerning:
    a.  building;
    b.  zoning;
    c.  land use;
    d.  improvements on the Land;
    e.  land division; and
    f.  environmental protection.
    This Exclusion does not limit the coverage described in Covered Risk 8.a., 14, 15, 16, 18, 19, 20, 23 or 27.
2.  The failure of Your existing structures, or any part of them, to be constructed in accordance with applicable building codes. This Exclusion does not limit the coverage described in Covered Risk 14 or 15.
3.  The right to take the Land by condemning it.  This Exclusion does not limit the coverage described in Covered Risk 17.
4.  Risks:
    a.  that are created, allowed, or agreed to by You, whether or not they are recorded in the Public Records;
    b.  that are Known to You at the Policy Date, but not to Us, unless they are recorded in the Public Records at the Policy Date;

---

© California Land Title Association. All rights reserved.
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

   c.   that result in no loss to You; or
   d.   that first occur after the Policy Date - this does not limit the coverage described in Covered Risk 7, 8.e., 25, 26, 27 or 28.
5.   Failure to pay value for Your Title.
6.   Lack of a right:
   a.   to any land outside the area specifically described and referred to in paragraph 3 of Schedule A; and
   b.   in streets, alleys, or waterways that touch the Land.
   This Exclusion does not limit the coverage described in Covered Risk 11 or 21.
7.   The transfer of the Title to You is invalid as a preferential transfer or as a fraudulent transfer or conveyance under federal bankruptcy, state insolvency, or similar creditors' rights laws.
8.   Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.
9.   Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

## LIMITATIONS ON COVERED RISKS

Your insurance for the following Covered Risks is limited on the Owner's Coverage Statement as follows:
   •   For Covered Risk 16, 18, 19, and 21 Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.
The deductible amounts and maximum dollar limits shown on Schedule A are as follows:

|  | Your Deductible Amount | Our Maximum Dollar Limit of Liability |
|---|---|---|
| Covered Risk 16: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 10,000.00 |
| Covered Risk 18: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 19: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 21: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 5,000.00 |

## 2006 ALTA LOAN POLICY (06-17-06)

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:
1.   (a)   Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
       (i)   the occupancy, use, or enjoyment of the Land;
       (ii)   the character, dimensions, or location of any improvement erected on the Land;
       (iii)   the subdivision of land; or
       (iv)   environmental protection;
       or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
   (b)   Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2.   Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.   Defects, liens, encumbrances, adverse claims, or other matters
   (a)   created, suffered, assumed, or agreed to by the Insured Claimant;
   (b)   not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
   (c)   resulting in no loss or damage to the Insured Claimant;
   (d)   attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 13 or 14); or
   (e)   resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4.   Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5.   Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth-in-lending law.
6.   Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
   (a)   a fraudulent conveyance or fraudulent transfer, or
   (b)   a preferential transfer for any reason not stated in Covered Risk 13(b) of this policy.
7.   Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the Insured Mortgage in the Public Records.  This Exclusion does not modify or limit the coverage provided under Covered Risk 11(b).
The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

### EXCEPTIONS FROM COVERAGE

{Except as provided in Schedule B - Part II,{ t{or T}his policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:

---

© California Land Title Association. All rights reserved.
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

**{PART I**

{The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1.  (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2.  Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4.  Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6.  Any lien or right to a lien for services, labor or material not shown by the Public Records.}

**PART II**

In addition to the matters set forth in Part I of this Schedule, the Title is subject to the following matters, and the Company insures against loss or damage sustained in the event that they are not subordinate to the lien of the Insured Mortgage:}

# 2006 ALTA OWNER'S POLICY (06-17-06)

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.  (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
    (i)   the occupancy, use, or enjoyment of the Land;
    (ii)  the character, dimensions, or location of any improvement erected on the Land;
    (iii) the subdivision of land; or
    (iv)  environmental protection;
    or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.
    (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.
2.  Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3.  Defects, liens, encumbrances, adverse claims, or other matters
    (a) created, suffered, assumed, or agreed to by the Insured Claimant;
    (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
    (c) resulting in no loss or damage to the Insured Claimant;
    (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 9 and 10); or
    (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Title.
4.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction vesting the Title as shown in Schedule A, is
    (a) a fraudulent conveyance or fraudulent transfer; or
    (b) a preferential transfer for any reason not stated in Covered Risk 9 of this policy.
5.  Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.

The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

## EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:

{The above policy form may be issued to afford either Standard Coverage or Extended Coverage. In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1.  (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.
2.  Any facts, rights, interests, or claims that are not shown in the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.
3.  Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.
4.  Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and that are not shown by the Public Records.
5.  (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.
6.  Any lien or right to a lien for services, labor or material not shown by the Public Records. }
7.  {Variable exceptions such as taxes, easements, CC&R's, etc. shown here.}

© **California Land Title Association. All rights reserved.**
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

**ALTA EXPANDED COVERAGE RESIDENTIAL LOAN POLICY – ASSESSMENTS PRIORITY (04-02-15)**

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to
   (i) the occupancy, use, or enjoyment of the Land;
   (ii) the character, dimensions, or location of any improvement erected on the Land;
   (iii) the subdivision of land; or
   (iv) environmental protection;
   or the effect of any violation of these laws, ordinances, or governmental regulations. This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
   (b) Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.
2. Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.
3. Defects, liens, encumbrances, adverse claims, or other matters
   (a) created, suffered, assumed, or agreed to by the Insured Claimant;
   (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;
   (c) resulting in no loss or damage to the Insured Claimant;
   (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27 or 28); or
   (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.
4. Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.
5. Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury, or any consumer credit protection or truth-in-lending law. This Exclusion does not modify or limit the coverage provided in Covered Risk 26.
6. Any claim of invalidity, unenforceability or lack of priority of the lien of the Insured Mortgage as to Advances or modifications made after the Insured has Knowledge that the vestee shown in Schedule A is no longer the owner of the estate or interest covered by this policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11.
7. Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching subsequent to Date of Policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11(b) or 25.
8. The failure of the residential structure, or any portion of it, to have been constructed before, on or after Date of Policy in accordance with applicable building codes. This Exclusion does not modify or limit the coverage provided in Covered Risk 5 or 6.
9. Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is
   (a) a fraudulent conveyance or fraudulent transfer, or
   (b) a preferential transfer for any reason not stated in Covered Risk 27(b) of this policy.
10. Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.
11. Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

© California Land Title Association. All rights reserved.
The use of this Form is restricted to CLTA subscribers in good standing as of the date of use. All other uses are prohibited. Reprinted under license or express permission from the California Land Title Association.

Insert Map Here