**SMILEY WANG-EKVALL, LLP**
Kyra E. Andrassy, State Bar No. 207959
kandrassy@swelawfirm.com
Sharon Oh-Kubisch, State Bar No. 197573
sokubisch@swelawfirm.com
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:    714 445-1000
Facsimile:    714 445-1002

**LAVELY & SINGER
PROFESSIONAL CORPORATION**
Martin Singer, State Bar No. 78166
Paul N. Sorrell, State Bar No. 126346
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
Email: mdsinger@lavelysinger.com
    psorrell@lavelysinger.com

Attorneys for Inferno Investment, Inc.

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CRESTLLOYD, LLC,<br><br>Debtor in Possession. | Case No. 2:21-bk-18205-DS<br>Chapter 11<br><br>**OPPOSITION OF SECURED CREDITOR INFERNO INVESTMENT, INC. TO MOTION FOR AUTHORITY TO DISBURSE FUNDS TO HANKEY CAPITAL, LLC, A SENIOR SECURED CREDITOR**<br><br>Date:    May 26, 2022<br>Time:    1:30 p.m.<br>Crtrm.:    1639 |

**TO THE HONORABLE DEBORAH SALTZMAN, UNITED STATES BANKRUPTCY JUDGE, CRESTLLOYD, LLC, AND ITS COUNSEL, AND ALL OTHER PARTIES IN INTEREST:**

As this Court is aware, there are disputes between the lienholders of the real property that was sold at auction about the relative priority of their liens and the amount

of their debts. There was prepetition litigation brought by Yogi Securities against Hankey Capital and there were various disputes raised in connection with the motion to approve the sale of the property. Among these disputes is that Hankey Capital's loan provided that it was to finance the construction of the property to completion.[1] As set forth in Exhibit D to the Construction Funding Agreement, Hankey dictated a procedure for Crestlloyd to follow in order to get disbursements. Given that the amount of the loan went from $82.5 million to $91 million to $106 million in a period of twenty-two months, it is questionable whether Hankey required Crestlloyd to comply with those procedures.[2] The disbursement ledger for the Hankey Capital loan similarly calls into question whether Hankey required Crestlloyd to comply with those same procedures. However, there is now an additional question about the various liens and their priority because, as detailed in the attached declaration of Julien Remillard, Inferno did not sign the Subordination Agreement that is attached to the motion as Exhibit 5. The Subordination Agreement was purported to be signed on October 30, 2018, but Crestlloyd forwarded to Inferno a revised draft of the Subordination Agreement on October 31, 2018. *See* Exhibit "C" to Julien Remillard's declaration. The impact of the Subordination Agreement is an open question and yet another dispute to be resolved. If Inferno did not sign the Subordination Agreement, it cannot be bound to all of its terms, including without limitation those that provide that Inferno waives certain rights.

  In connection with the sale motion, Crestlloyd indicated that all of the liens were disputed and set forth various grounds for objection. Because of that and because Inferno would not consent, the Court did not authorize payment of any of the disputed

---

[1] A copy of the Construction Funding Agreement was attached as an exhibit to the complaint that Hankey Capital filed prepetition against Crestlloyd. That complaint is attached as Exhibit A. The Exhibits are being concurrently filed. The provisions that state that the loan was intended to complete construction are at paragraphs 3.1(b), 3.1(e), 4.1, 6.9

[2] It is worth noting that a significant portion of the $82.5 million was used to pay off another secured creditor and to fund an interest reserve.

liens.  A few weeks after the sale hearing and because of their disagreements, the lienholders participated in a virtual settlement conference facilitated by counsel for Crestlloyd.  Very little was accomplished at that conference except that the parties agreed that they each required more information before they could intelligently discuss resolution of their disputes.  The parties exchanged lists of documents requested and information needed.  Inferno has produced the documents requested that are in its possession, Yogi has produced the documents that it contends are responsive, but Hankey Capital has produced nothing in response to those requests.  It has not even responded to emails inquiring about whether any documents could be expected. Inferno's requests of Hankey Capital included construction budgets, documents confirming the loan proceeds were being used for Crestlloyd construction costs, and explanations about the interest calculation.  Because Inferno has not been able to obtain documents from Hankey voluntarily, it shortly expects to seek them through an application under Federal Rule of Bankruptcy Procedure 2004.

Also in connection with that settlement conference, Inferno requested that Crestlloyd produce copies of any forensic accounting or construction cost audit in its possession, whether prepared by the state court receiver or Sierra Constellation as its manager.  Inferno has not received any documents in response, so presumably Crestlloyd does not have those in its possession or done that level of analysis.

Because of these issues, when Inferno informed counsel for Crestlloyd that it would consent to the payment to Hankey of $82.5 million, it was expressly conditioned upon the order providing that the payment is without prejudice to the rights of any party to contest Hankey Capital's right to receive that payment, to contest the validity of Hankey Capital's claim or the priority of its lien, or to seek and obtain disgorgement of any portion of those funds that a court may determine Hankey Capital should not have received.  The Motion omits this critical condition so Inferno raises it here.  Also because of these disputes, Inferno was not agreeable to Hankey getting a full payment on account of its lien and it remains opposed to Hankey collecting its interest.  Hankey Capital has not

provided answers to the questions posed about calculation of interest and that, together with the other disputes, are the basis for Inferno's continued objection to the payment to Hankey Capital of any interest at this time.

DATED: May 26, 2022

Respectfully submitted,

SMILEY WANG-EKVALL, LLP

By:    /s/ Kyra E. Andrassy
     KYRA E. ANDRASSY
     Attorneys for Inferno Investment, Inc.

# DECLARATION OF KYRA E. ANDRASSY

I, Kyra E. Andrassy, declare as follows:

1. I am a partner with Smiley Wang-Ekvall, LLP, attorneys of record for Inferno Investment, Inc. ("Inferno"). I am licensed to practice before this Court and the courts of the State of California. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the Opposition of Secured Creditor Inferno Investment, Inc. to Motion for Authority to Disburse Funds to Hankey Capital, LLC, a Senior Secured Creditor.

2. Attached as Exhibit "A" is a true and correct copy of the complaint filed prepetition by Hankey Capital, LLC, against Crestlloyd in Los Angeles Superior Court.

3. On April 7, 2022, I attended a meeting facilitated by counsel for Crestlloyd for Hankey Capital, Yogi Securities, and Inferno Investment to discuss their disputes about the liens against the property. The result of that meeting was a consensus that everyone required additional documents and information if any progress was going to be made. The parties agreed to exchange lists of documents and information requested of the other parties.

4. On April 8, 2022, I emailed counsel for Crestlloyd and Hankey Capital with a list of documents or information being requested by Inferno. I sent a list of several additional documents being requested of Hankey Capital on April 11, 2022. Among the documents and information that I requested of Hankey Capital were copies of signed loan documents, answers to two questions posed about the interest calculation, any construction budget that had been prepared by Crestlloyd or used by Hankey in connection with its approval and funding of the $82.5 million loan, and documents confirming that the loan proceeds were being used for Crestlloyd construction costs. A true and correct copy of these emails is attached as Exhibit "B."

5. As of May 25, 2022, I have not received any of the documents or information requested of Hankey Capital, despite a couple of follow-up inquiries.

6. In the April 8, 2022, email, I also requested that Crestlloyd produce any forensic accounting or construction cost audit done to date, whether by the state court receiver or by Sierra Constellation, its manager. As of today, I have not received these documents and do not see them in the Dropbox folder set up by Crestlloyd.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 26th day of May, 2022, at Costa Mesa, California.

/s/ Kyra E. Andrassy
Kyra E. Andrassy

# DECLARATION OF JULIEN RÉMILLARD

I, Julien Rémillard, declare as follows:

1. I am a director of Inferno Investment, Inc. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the Opposition of Secured Creditor Inferno Investment, Inc. to Motion for Authority to Disburse Funds to Hankey Capital, LLC, a Senior Secured Creditor.

2. In reviewing the Subordination Agreement that is attached to the motion to disburse funds to Hankey Capital as Exhibit 5, I realized that the signature in the signature block for Inferno Investment is not my signature. I then looked at the notary certificate attached to the Subordination Agreement that states that I personally appeared before the notary in Los Angeles, California on October 30, 2018. I was not in Los Angeles on October 30, 2018. I was in Montreal, Quebec, Canada.

3. This is supported by the fact that on October 30, 2018, Doug Witkins of Skyline Development, who acted as Crestlloyd's representative, emailed me a subordination agreement. The next day, on October 31, 2018, he emailed me an updated one. A true and correct copy of these emails is attached as Exhibit "C."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 26th day of May, 2022, at Miami, Florida.

_DocuSigned by:_ /s/ Julien Rémillard
204101220C4641F...

Julien Rémillard

2909642.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**3200 Park Center Drive, Suite 250, Costa Mesa, CA. 92626**

A true and correct copy of the foregoing document entitled (*specify*): **Opposition of Secured Creditor Inferno Investment, Inc. to Motion for Authority to Disburse Funds to Hankey Capital, LLC, a Senior Secured Creditor** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **5/26/2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **5/26/2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Overnight Mail:
Honorable Deborah J. Saltzman
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1634 / Courtroom 1639
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 5/26/2022 | Lynnette Garrett | /s/ Lynnette Garrett |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              F 9013-3.1.PROOF.SERVICE

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Todd M Arnold    tma@lnbyg.com
- Jerrold L Bregman    jbregman@bg.law, ecf@bg.law
- Marguerite Lee DeVoll    mdevoll@watttieder.com, zabrams@watttieder.com
- Karol K Denniston    karol.denniston@squirepb.com, travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com
- Oscar Estrada    oestrada@ttc.lacounty.gov
- Danielle R Gabai    dgabai@danninggill.com, dgabai@ecf.courtdrive.com
- Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- David B Golubchik    dbg@lnbyg.com, stephanie@lnbyb.com
- Jonathan Gottlieb    jdg@lnbyg.com
- James Andrew Hinds    jhinds@hindslawgroup.com;mduran@hindslawgroup.com, mduran@hindslawgroup.com
- Robert B Kaplan    rbk@jmbm.com
- Jane G Kearl    jkearl@watttieder.com
- Jennifer Larkin Kneeland    jkneeland@watttieder.com, zabrams@watttieder.com
- Michael S Kogan    mkogan@koganlawfirm.com
- Noreen A Madoyan    Noreen.Madoyan@usdoj.gov
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com
- Samuel A Newman    sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com
- Ryan D O'Dea    rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- Sharon Oh-Kubisch    sokubisch@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com
- Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com
- William Schumacher    wschumac@milbank.com, autodocketecf@milbank.com
- David Seror    dseror@bg.law, ecf@bg.law
- Zev Shechtman    zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- Mark Shinderman    mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com
- Jessica Wellington    jwellington@bg.law, ecf@bg.law

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*     **F 9013-3.1.PROOF.SERVICE**