DAVID B. GOLUBCHIK (State Bar No. 185520)
TODD M. ARNOLD (State Bar No. 221868)
JONATHAN D. GOTTLIEB (State Bar No. 339650)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dbg@lnbyg.com; tma@lnbyg.com; jdg@lnbyg.com

Attorneys for Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>CRESTLLOYD, LLC,<br><br>              Debtor. | Case No. 2:21-bk-18205-DS<br><br>Chapter 11<br><br>**DEBTOR'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR AUTHORITY TO DISBURSE FUNDS TO HANKEY CAPITAL, LLC, A SENIOR SECURED CREDITOR; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF**<br><br>Date: June 23, 2022<br>Time: 11:30 a.m.<br>Place: Courtroom 1639<br>       255 E. Temple Street<br>       Los Angeles, CA 90012<br>**VIA ZOOMGOV ONLY** |

Crestlloyd LLC, the debtor and debtor in possession in the above-captioned Chapter 11 bankruptcy case (the "Debtor"), respectfully submits this supplemental brief (the "Supplement") in support of the Debtor's "*Motion For Authority To Disburse Funds To Hankey Capital, LLC, A Senior Secured Creditor*" [Dkt. 325] (the "Motion"). Unless otherwise stated, all capitalized terms herein have the same meanings ascribed to them in the Motion and the Debtor's response (the "Response") [Dkt. 340] to the limited oppositions filed by Inferno and Yogi (each an "Opposition") [Dkt. 337 and 380].

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Pursuant to the Motion, the Debtor is seeking to pay Hankey $103,837,545.86 on the Principal Hankey Loan comprised of (1) $82.5 million in Outstanding Principal, (2) $21,156,666.66 in Outstanding Accrued Interest, and (3) $180,879.20 in Outstanding Foreclosure Fees (the Outstanding Accrued Interest with the Outstanding Foreclosure Fees, the ("Other Amounts")).

In their Oppositions, Inferno and Yogi, confirmed that they consented to the payment of the Outstanding Principal, but not the Outstanding Interest or the Outstanding Foreclosure Fees, provided that the payment of Outstanding Principal would be without prejudice to any parties right to, *inter alia*, to contest Hankey's right to receive the payment, to contest the validity of Hankey's Capital's claim or the priority of its lien, or to seek and obtain disgorgement of any portion of the payment Hanky should not have received (the "Reserved Rights"). Consistent with the foregoing, the Court entered its "*Interim Order On Motion For Authority To Disburse Funds To Hankey Capital, LLC, A Senior Secured Creditor*" (the "Interim Order") [Dkt. 350], (1) authorizing the Debtor to pay Hankey the Outstanding Principal, subject to the Reserved Rights, and (2) scheduling

a continued hearing and related dates and deadlines on the balance of the Motion regarding the payment of the Other Amounts.

As discussed below, Inferno and Yogi's arguments against paying the Other Amounts lack merit and should be overruled. Based on the foregoing and the reasons set forth in the Motion and Response, the Motion should be granted as to the payment of the Other Amounts.

## II.

## SUPPLEMENTAL STATEMENT OF FACTS

In addition to and to highlight some of the facts in the Motion and the Response, the Debtor provides the following:

1. In the Inferno POC, Inferno asserts it made a loan to the Debtor in the amount of $20,902,106.12 on or around March 13, 2013 secured by the Inferno DOT recorded on March 13, 2013. [Motion, 3:10-22 and Exhibit "4" (the Inferno POC)].

2. On or about On January 1, 2016, the Debtor and Inferno entered into a Memorandum of Agreement (the "Memorandum of Agreement") whereby the parties agreed that proceeds from the sale of the Property would be distributed in the following manner: "First to repay the loan(s) obtained from a bank or third-party parties (excluding [the Debtor] and Inferno) and all other unpaid costs of construction of the [Property]. Second, to [the Debtor] and Inferno, pro rata, in repayment of any loans owing them, together with simple interest thereon at the rate of eight percent (8%) per annum…." A true and correct copy of the Memorandum of Agreement obtained from Inferno's counsel is attached as Exhibit "C" to the Errata to the Debtor's Response to the Oppositions. [Dkts. 340 and 341][1]

---

[1] In the Motion, the Debtor inadvertently attached the Subordination Agreement discussed below when referencing the Memorandum of Agreement.

3

3. On January 14, 2022, Hankey filed the Hankey POC. [Motion, 4:6-15 and Exhibit "1" (the Hankey POC)]. Pursuant to the Hankey POC, Hankey asserted a claim in the amount of $122,638,623.41, which Hankey asserts is secured by the Principal Hankey DOT dated November 6, 2018 and the Modified Hankey DOT dated December 10, 2019. [*Id.*] The Principal Hankey DOT stems from the Principal Hankey Loan that Hankey provided to the Debtor in the initial amount of $82,500,000.00 on or around October 31, 2018. [*Id.*] Principal Hankey DOT provides that Hankey can apply payments and sale proceeds "in such order as [Hankey] may determine. [*Id.*, at § 2 of Principal Hankey DOT (NEF p. 32 of 220)]. To date, there has been no objection to the Hankey POC.

4. On or about October 30, 2018, the Debtor, Inferno, and Hankey entered into an agreement (the "Subordination Agreement") whereby Inferno subordinated its claim to amounts owed to Hankey under the Principal Hankey Loan. [Motion, 4:6-15 and Exhibit "5" (the Subordination Agreement) and Opposition, at Exhibit "C" (the recorded Subordination Agreement)].

5. On May 24, 2022, the Debtor filed its Motion to pay Hankey the Proposed Payment of $103,837,545.86 for the Outstanding Principal and Other Amounts. [Dkt. 325].

6. As stated above, neither Inferno nor Yogi objected to payment of the Outstanding Principal, provided that such payment subject to the Reservation of Rights. [Dkts. 337 and 338]. However, both parties objected to payment of the Other Amounts. [*Id.*].

7. On May 27, 2022, the Court entered its Interim Order authorizing the Debtor to pay Hankey the sum of $82.5 million to Hankey, subject to the Reservation of Rights, and scheduling a continued hearing and related dates and deadlines on the balance of the Motion regarding the payment of the Other Amounts.. [Dkt. 350].

## III.

## DISCUSSION

Inferno and Yogi already consented to the payment of the Outstanding Principal, provided that the payment of Outstanding Principal would be without prejudice to the Reserved Rights. The Court entered its Interim Order. authorizing the Debtor to pay Hankey the Outstanding Principal, subject to the Reserved Rights.

Inferno and Yogi's argument that the Debtor should not pay the $82.5 million in Outstanding Principal, but not the $21.33 million for the Other Amounts is contrary to the interests of the estate and its creditors, including Inferno and Yogi, and defies logic. If the Debtor does not pay Hankey the full $103,837,545.86 as requested in the Motion, then Hankey can apply the $82.5 million to the Other Amounts and then to paying only a portion of the Outstanding Principal, which would leave a substantial balance of the Outstanding Principal that would continue to accrue interest. Thus, paying the Other Amounts is the only way to ensure that the Debtor can stop the accrual of material additional interest, which reduces funds available to pay other claims. Further, the payment of the additional $21.33 million to pay the Other Amounts (*i.e.*, about 25% of the $82.5 million that Inferno and Yogi already agreed to be paid to Hankey) would be subject to the same Reserved Rights, so Inferno and Yogi are protected if there is any overpayment.

Inferno and Yogi's argument that the Motion should be denied as to payment of the Other Amounts because the Hanky POC is in dispute also lacks merit. As discussed in the Debtor's Response to the Oppositions, the Hanky POC is not subject to any objection and, therefore, is deemed to be allowed. 11 U.S.C. § 502(a).

Finally, Inferno's argument that it did not subordinate to the Principal Hankey Loan in the amount of $82.5 million is contrary to Inferno's admissions that it subordinated to the Principal Hankey Loan [Response, at Exhibits "A" and "B"] and the Memorandum of Agreement and

Subordination Agreement evidencing such subordination. Further, the Subordination Agreement was referenced in the DIP Motion [Dkt. 66] and included as an exhibit in both the Sale Motion [Dkt. 142, Ex. 5] and the Motion to Pay Certain Senior Secured Creditors [Dkt. 308, Ex. 3]. In none of those occasions did Inferno object to the validity of the Subordination Agreement.

## IV.

## CONCLUSION

**WHEREFORE,** the Debtor respectfully requests that this Court enter an order:

(1) granting the Motion;

(2) authorizing the Debtor to pay the Other Amounts to Hankey; and

(3) affording such further and other relief as is warranted under the circumstances

Dated: June 2, 2022              LEVENE, NEALE, BENDER, YOO
                                  & GOLUBCHIK L.L.P.

                                 By:  */s/ Todd M. Arnold*
                                      DAVID B. GOLUBCHIK
                                      TODD M. ARNOLD
                                      JONATHAN D. GOTTLIEB
                                 Attorneys for Debtor and Debtor in Possession