1  DAVID B. GOLUBCHIK (State Bar No. 185520)
   TODD M. ARNOLD (State Bar No. 221868)
2  JONATHAN D. GOTTLIEB (State Bar No. 339650)
3  LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
   2818 La Cienega Avenue
4  Los Angeles, California 90034
   Telephone: (310) 229-1234
5  Facsimile: (310) 229-1244
   Email: DBG@LNBYG.COM; TMA@LNBYG.COM; JDG@LNBYG.COM
6
7  Attorneys for Crestlloyd, LLC, the debtor and debtor-in-possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| In re | Chapter No.: 11 |
|---|---|
| CRESTLLOYD, LLC, | Case No.: 2:21-bk-18205-DS |
| Debtor and Debtor-in-Possession | **PRELIMINARY OBJECTION TO REQUEST FOR PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSES OF SHOWROOM INTERIORS, LLC DBA VESTA [DKT 357]** |
| | [Declaration of Miles Staglik and Evidentiary Objections filed concurrently herewith] |
| | Date:  July 21, 2022<br>Time:  11:30 a.m.<br>Place: 255 E. Temple Street<br>Los Angeles, CA 90012<br>**VIA ZOOMGOV ONLY** |

1

## MEMORANDUM AND POINTS OF AUTHORITY

### I.

### INTRODUCTION

Pre-petition, Crestlloyd, LLC (the "Debtor") entered into a staging agreement (executory contract) with Showroom Interiors, LLC dba Vesta ("Vesta") pursuant to which Vesta agreed to provide staging furniture at the Debtor's property located at 944 Airole Way, Los Angeles, CA 90077 (the "Property").  No inventory was taken or, at least, provided to the Debtor identifying the alleged furnishings provided for the Property.

Upon commencement of this case under new management, based on representations from Vesta that the Debtor paid $57,500 per month for the staging furniture, the Debtor continued to honor this obligation and paid to Vesta $57,500 per month.  Only later did the Debtor's new management learn that Vesta lied to the Debtor about the monthly obligations and, in reality, the monthly obligations were $13,500.  The Debtor intends to pursue claims against Vesta for such misrepresentation and overcharging the estate.

During this case, as well as prior to case commencement during the pre-petition receivership proceeding, Vesta, trying to recoup allegedly outstanding amounts, falsely claimed that its furnishings were stolen or missing and sought the Debtor or its receivership estate to compensate Vesta for such alleged "missing" furnishings.  Vesta went so far as to file one or more police reports which were not substantiated, supported by evidence, and went nowhere.

On, at least, one occasion, Vesta continued with its deception and asserted that certain furnishings located at the Property (e.g., luxury rugs) were provided by Vesta.  When the Debtor researched the foregoing and obtained evidence that the Debtor purchased such furnishings from a third party, Vesta's efforts were thwarted.

The executory contract with Vesta was terminated upon the sale of the Property.  <u>The contract was not assumed by the Debtor</u>.

Now Vesta claims that the unsubstantiated furnishings have been damaged POST-PETITION for which it seeks compensation through the Request For Payment Of Chapter 11

2

Administrative Expenses Of Showroom Interiors, LLC dba Vesta ("Request"). The Request fails for, at least, the following reasons:

1. The extent of the furnishings provided to the Debtor is disputed by the Debtor;
2. There is no evidence that the Debtor did not adequately care for the furnishings;
3. There is no evidence that the damage to the furnishings occurred post-petition, as compared to pre-petition, during the fall/winter 2021 rainy season.

As discussed in the accompanying Declaration of Miles Staglik, the principal of Vesta has engaged in deceit and misrepresentation before and after case commencement. The factual predicates for the Request are in dispute. At a minimum, discovery and a subsequent evidentiary hearing is necessary and, as a result, the Request may be deemed to be a contested proceeding with Rules 7001 *et seq.* to apply.

However, as discussed below, the legal predicate for the Request is also lacking. Applying applicable law to the pre-petition agreement leads to the only logical conclusion – any alleged damages based on the pre-petition agreement would be entitled to status of a general unsecured claim and not an administrative claim. Thus, the Request should be denied.

## II.

## BACKGROUND FACTS

**A.  Background.**

1. The Debtor commenced this bankruptcy case by filing a Voluntary Petition for relief under chapter 11 of the Bankruptcy Code on October 26, 2022 (the "Petition Date"). Since the Petition Date, the Debtor has managed its financial affairs and operated its bankruptcy estate as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2. On the Petition Date, the Debtor's primary asset was the residential property that it developed, which is located at 944 Airole Way, Los Angeles, CA 90077 (the "Property"). Pursuant to its exit strategy, the Debtor proposed, and the Court approved a sale of the Property on March 28, 2022 [Dkt. 247].

3. Thereafter, the Court established June 6, 2022 as the deadline by which any party,

3

other than the United States Trustee, the Clerk of the Court, and professionals employed at the expense of the estate, had to file and serve a request for the allowance and payment of an administrative expense priority claim of the kind described in 11 U.S.C. § 503(b), that is entitled to priority under 11 U.S.C. § 507(a)(2), and that was incurred or accrued or arose on or before April 30, 2022 [Dkt 289].

    4.    On June 3, 2022, Vesta submitted the Request.  Pursuant to the Request, Vesta asserts that, post-petition, the Debtor breached the pre-petition executory contract by causing or allowing damage to furnishings allegedly supplied by Vesta to the Debtor.

### III.

### FACTUAL DISPUTES FOR WHICH DISCOVERY IS NECESSARY

As discussed in detail in the concurrently filed Declaration of Miles Staglik, Vesta has engaged in false and deceptive practices including falsely claiming inventory was missing, falsely claiming that furnishings of others were those of Vesta and falsely overcharging the Debtor.  A factual dispute exists which, if the Request is not denied, the Debtor seeks to explore through discovery and a subsequent evidentiary hearing.  Additionally, a dispute exists as to whether the alleged damage was caused post-petition or pre-petition, for which discovery will also be required.

As discussed below, the Debtor submits that, setting aside the disputed facts at this time, applicable law dictates that any claim which Vesta may be entitled to would be a general unsecured claim which would support denial of the Request.

### IV.

### THE REQUEST MUST BE DENIED

**A.**    **Legal Standard**

In classifying the order of payment for creditors' claims, the Bankruptcy Code affords the highest level of priority to "administrative expenses." 11 U.S.C. § 507(a)(1); In re Abercrombie, 139 F.3d 755, 756 (9th Cir. 1998). Section 503(b)(1)(A) of the Code defines administrative expenses and provides a nonexclusive list of allowable expenses including "the

4

actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." In re Kadjevich, 220 F.3d 1016, 1019 (9th Cir. 2000). "The availability of the priority encourages third parties to deal with a business that has filed in bankruptcy, because these parties will be paid ahead of other creditors." In re Abercrombie, 139 F.3d at 757; In re United Trucking Serv., Inc., 851 F.2d 159, 161 (6th Cir. 1988).

"The burden of proving an administrative expense claim is on the claimant." In re DAK Indust. 66 F.3d 1091, 1094 (9th Cir. 1995) (internal citation omitted). In order to limit abuses of the administrative-expense priority, the Ninth Circuit requires that the debt: (1) arose from a transaction with the debtor-in-possession and (2) directly and substantially benefitted the estate. In re Abercrombie, 139 F.3d at 757. "Critically ... only *post-petition* debts can be treated as administrative expenses; *pre-petition* debts may not be granted administrative-expense priority." In re Kadjevich, 220 F.3d at 1019 (emphasis in original).

**B.     There Was No Post-Petition Transaction**

According to the Request, Vesta seeks an administrative expense claim based on an alleged post-petition default of a pre-petition contract. Vesta does not assert that it entered into any post-petition contract with the Debtor. Based on applicable law, the alleged post-petition breach is based on a pre-petition contract and, therefore, deemed to be a pre-petition breach, warranting, at best, a general unsecured claim against the estate but no administrative expense claim.

Post-petition breaches of a pre-petition contract are treated merely as pre-petition claims, not administrative claims, in the absence of assumption of that contract. See, e.g., In re Remington Rand Corp., Inc., 836 F.2d 825, 830 (3rd Cir. 1988); In re Airlift International, 761 F.2d 1503, 1509 (11th Cir. 1985). This is so because a claim for breach of contract exists once a contract is executed, although it may be inchoate or contingent. Remington Rand Corp., 836 F.2d at 830; In re Continental Airlines, Inc., 146 B.R. 520 (Bankr. D. Del. 1992). "Once the

contingency occurs, even if it occurs post-petition, 'the contingent claim simply becomes a liquidated one; it, however, is not thereby elevated to the status of a post-petition claim'." In re Chateaugay Corp., 102 B.R. 335, 352 (Bankr. S.D. N.Y. 1989).

In In re BCE West, L.P., 319 F.3d 1166 (9th Cir. 2003), the Ninth Circuit found that the court must not look at the when the action (breach) occurred, but "by looking to the source of the obligation." Id. at 1173. "Because 'the source of the estate's obligation remain[ed] the pre[-]petition fee provision,' we determined that the claimant's expense arose prepetition and was not entitled to administrative-expense priority." Id., quoting In re Abercrombie, 139 F.3d at 759.

The BCE Court also adopted its prior ruling in DAK Indust.

> We have also applied the source-of-the-obligation analysis to cases outside of the attorney's fees context. In *DAK Indus.,* we concluded that an agreement to make installment payments on a software licensing agreement was not entitled to administrative expense priority, although installment payments were made post-petition. 66 F.3d at 1095. We reasoned that because the entire debt arose pre-petition, and because the parties' rights and responsibilities were set pre-petition, the contract giving rise to the claim must be considered to have arisen pre-petition and was therefore not entitled to priority.

Id.; DAK Indust. 66 F.3d at 1095-96.

With respect to post-petition breach of pre-petition contracts, the BCE Court, thus concluded, that:

> Any potential damage award to [creditor] must be based on the obligations set by the parties in the pre-petition sublease. Because the contractual obligation arose pre-petition and the contract was not assumed by the debtor, any damages that may be ultimately awarded to ENBC are not entitled to administrative-expense priority.

Id.

Consistent with the authority of the Ninth Circuit, Vesta's allegations that the Debtor breached the pre-petition staging agreement must be viewed in the "source-of-obligation" context. The source of the obligation is a pre-petition contract. As a result, any damages stemming from a post-petition breach relates back to the pre-petition contract and, therefore, not

6

entitled to administrative expense status.

C. **Vesta's Legal Support Is Inapplicable Herein.**

Vesta appears to have ignored the long line of cases addressing administrative claim requirements. Rather, the entirety of the Request is based on a single case: In re Hayes Lemmerz Int'l, Inc., 340 B.R. 461, 475-78 (Bankr. D. Del. 2006), the facts of which Vesta also ignores.

In Hayes, the court found that the administrative claimant conferred a benefit to the debtor after the debtor converted [i.e., stole] the creditor's leased property for personal use. *Id.* at 480. There, the debtor removed parts from the leased property and used those parts to improve the debtor's own property. *Id.* Hayes is a case based on theft and conversion, none of which are applicable to the Debtor. Hayes does not even address proper care of leased equipment, other than converting the equipment.

Here, Vesta provides no evidence that the Debtor committed any wrongful act, let alone that such an act conferred a benefit to the Debtor (such as converting Vesta's property to its own). Accordingly, Hayes does not support Vesta's contention that it is entitled to an award of administrative expense based on the Debtor's alleged improper care of the Furniture, in and of itself.

D. **Damages, If Any, Are Not Property Quantified.**

As discussed above, the Debtor asserts that Vesta is not entitled to any damage claim against the estate for any post-petition conduct. To the extent that a claim may exist, based on the overwhelming authority in the Ninth Circuit, such claim would relate back to the pre-petition contract and not be entitled to administrative status.

Finally, to the extent that the Court may determine the existence of an administrative claim, which the Debtor disputes, such claim must be properly quantified. Where a request for an award of administrative expense arises from the debtor-in-possession's continued, post-petition use of leased property, administrative expenses, if allowable under Section 503, must reflect the actual value conferred on the bankrupt estate by reason of wrongful acts or breach of agreement. United Trucking, 851 F.2d at 162 (*citing* In re Dixie Fuels, Inc., 52 B.R. 26, 27

(Bankr. N.D. Ala. 1985). No portion of the Request discusses the "actual value conferred on the bankruptcy estate." As is, the Request is insufficient to quantify the claim, even if such allowance was appropriate.

## V.

## **CONCLUSION**

WHEREFORE, for the reasons set forth above, the Debtor respectively requests that the Court deny the Request in its entirety. Alternatively, the Debtor respectively requests that the Court treat the Request as a contested proceeding so that the parties can conduct discovery and proceed towards trial or an evidentiary hearing.

Dated: June 23, 2022

LEVENE, NEALE, BENDER, YOO
    & GOLUBCHIK L.L.P.

By:  /s/ *Jonathan D. Gottlieb*
DAVID B. GOLUBCHIK
TODD M. ARNOLD
JONATHAN D. GOTTLIEB
LEVENE, NEALE, BENDER,
YOO & GOLUBCHIK L.L.P.
Attorneys for Crestlloyd, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **PRELIMINARY OBJECTION TO REQUEST FOR PAYMENT OF CHAPTER 11 ADMINISTRATIVE EXPENSES OF SHOWROOM INTERIORS, LLC DBA VESTA [DKT 357]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 23, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Todd M Arnold    tma@lnbyg.com
- Jerrold L Bregman    jbregman@bg.law, ecf@bg.law
- Marguerite Lee DeVoll    mdevoll@watttieder.com, zabrams@watttieder.com
- Karol K Denniston    karol.denniston@squirepb.com, travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com
- Oscar Estrada    oestrada@ttc.lacounty.gov
- Danielle R Gabai    dgabai@danninggill.com, dgabai@ecf.courtdrive.com
- Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- David B Golubchik    dbg@lnbyg.com, stephanie@lnbyb.com
- James Andrew Hinds    jhinds@hindslawgroup.com;mduran@hindslawgroup.com, mduran@hindslawgroup.com
- Robert B Kaplan    rbk@jmbm.com
- Jane G Kearl    jkearl@watttieder.com
- Jennifer Larkin Kneeland    jkneeland@watttieder.com, zabrams@watttieder.com
- Michael S Kogan    mkogan@koganlawfirm.com
- Noreen A Madoyan    Noreen.Madoyan@usdoj.gov
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com
- Samuel A Newman    sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com
- Ryan D O'Dea    rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- Sharon Oh-Kubisch    sokubisch@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com
- Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com
- William Schumacher    wschumac@milbank.com, autodocketecf@milbank.com
- David Seror    dseror@bg.law, ecf@bg.law
- Zev Shechtman    zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- Mark Shinderman    mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com
- Jessica Wellington    jwellington@bg.law, ecf@bg.law

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

**2. SERVED BY UNITED STATES MAIL**: On **June 23, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

*Request for Special Notice*
Amy P. Lally, Esq.
Sidley Austin LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 23, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 23, 2022 | Damon Woo | /s/ Damon Woo |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    **F 9013-3.1.PROOF.SERVICE**