DAVID B. GOLUBCHIK (State Bar No. 185520)
TODD M. ARNOLD (State Bar No. 221868)
JONATHAN D. GOTTLIEB (State Bar No. 339650)
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
2818 La Cienega Avenue
Los Angeles, California 90034
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: DBG@LNBYG.COM; TMA@LNBYG.COM; JDG@LNBYG.COM

Attorneys for Crestlloyd, LLC, the debtor and debtor-in-possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>CRESTLLOYD, LLC,<br><br>Debtor and Debtor-in-Possession | Chapter No.: 11<br><br>Case No.: 2:21-bk-18205-DS<br><br>**EVIDENTIARY OBJECTIONS TO DECLARATION OF DECLARATION OF JULIAN BUCKNER IN SUPPORT OF REQUEST OF CHAPTER 11 ADMINISTRATIVE EXPENSES OF SHOWROOM INTERIORS, LCC [DKT. 357]**<br><br>Date:     July 21, 2022<br>Time:    11:30 a.m.<br>Place:    255 E. Temple Street<br>              Los Angeles, CA 90012<br>              **VIA ZOOMGOV ONLY** |

Crestlloyd, LLC (the "Debtor"), hereby files its evidentiary objections to portions of the "*Declaration of Julian Buckner*" (the "Buckner Declaration") filed in support of the *Request For Payment Of Chapter 11 Administrative Expenses Of Showroom Interiors, LLC DBA Vesta*" [Dkt 357] (the "Request") as follows:

As an initial matter, many of the statements in the Buckner Declaration are not based on personal knowledge and are instead based on pure speculation.

1

| | Paragraph # (Page: Line) | Statement | Objection | |
|---|---|---|---|---|
| 1 | ¶ 8 (6:1-2) | "On January 1, 2022, well after the petition date, the Property experienced a pool leakage which caused damage to Vesta's staging furniture onsite at the time." | FRE 602 Lack of Personal Knowledge<br><br>FRE 602 Lack of Foundation<br><br>FRE 602 Calls for Speculation | ☐ Sustained<br><br>☐ Overruled |
| 2 | ¶ 8 (6: 2-4) | "The date of the pool leakage and the resulting damage was confirmed by Miles Staglik of Sierra Constellation Partners, LLC as reflected in Exhibit "D" attached hereto." | FRE 602 Lack of Personal Knowledge<br><br>FRE 602 Lack of Foundation<br><br>FRE 602 Calls for Speculation<br><br>FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to him by another individual or source to support the factual allegations in the paragraph, his testimony related thereto would be inadmissible hearsay. *See Caddie Const. Co., Inc.*, 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991). | ☐ Sustained<br><br>☐ Overruled |
| 3 | Exhibit D | | FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to him by another individual or source to support the factual allegations in the paragraph, his testimony related thereto would be inadmissible hearsay. *See Caddie Const. Co., Inc.*, 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991). | ☐ Sustained<br><br>☐ Overruled |
| 4 | ¶ 8 (6: 4-6) | "Most of the damaged property was damaged by the pool leak, although | FRE 602 Lack of Personal Knowledge | ☐ Sustained |

| | | | | |
|---|---|---|---|---|
| | | some of the damaged property was damaged because it was exposed to the outdoor elements and not properly protected by the Debtor." | FRE 602 Lack of Foundation<br><br>FRE 602 Calls for Speculation | ☐ Overruled |
| 5 | ¶ 9 (7-8) | "Many of the pieces were custom and damaged beyond repair" | FRE 602 Lack of Personal Knowledge<br><br>FRE 602 Lack of Foundation<br><br>FRE 602 Calls for Speculation | ☐ Sustained<br><br>☐ Overruled |
| 6 | ¶ 10 (6:10-11) | "In response, Miles advised me that he needed to "file an insurance claim." | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion.<br><br>FRE 403 Unfair Prejudice | ☐ Sustained<br><br>☐ Overruled |
| 7 | Exhibit F | | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion.<br><br>FRE 403 Unfair Prejudice | ☐ Sustained<br><br>☐ Overruled |
| 8 | ¶ 11 | "On or about February 17, 2022, Miles asked me to provide him with Vesta's damages including a list of items damages with photos and corresponding dollar amounts to file an insurance claim." | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion.<br><br>FRE 403 Unfair Prejudice<br><br>FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to him by another individual or | ☐ Sustained<br><br>☐ Overruled |

| | | | | | |
|---|---|---|---|---|---|
| | | | | source to support the factual allegations in the paragraph, his testimony related thereto would be inadmissible hearsay. *See Caddie Const. Co., Inc.*, 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991). | |
| 9 | Exhibit G | | | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion.<br><br>FRE 403 Unfair Prejudice<br><br>FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to him by another individual or source to support the factual allegations in the paragraph, his testimony related thereto would be inadmissible hearsay. *See Caddie Const. Co., Inc.*, 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991). | ☐ Sustained<br><br>☐ Overruled |
| 10 | ¶ 12 (6:15-17) | "On or about March 10, 2022, I inquired with Miles regarding the status of the insurance claim and asked Miles what to do with the segregated inventory." | | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion.<br><br>FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to him by another individual or source to support the | ☐ Sustained<br><br>☐ Overruled |

| | | | | |
|---|---|---|---|---|
| | | | factual allegations in the paragraph, his testimony related thereto would be inadmissible hearsay. *See Caddie Const. Co., Inc.*, 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991). | |
| 11 | Exhibit H | | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion.<br><br>FRE 602 Lack of Personal Knowledge<br><br>FRE 602 Lack of Foundation<br><br>FRE 602 Calls for Speculation<br><br>FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to him by another individual or source to support the factual allegations in the paragraph, his testimony related thereto would be inadmissible hearsay. *See Caddie Const. Co., Inc.*, 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991). | ☐ Sustained<br><br>☐ Overruled |
| 12 | ¶ 12 (6: 17-20) | "We have been storing the damaged inventory, taking up floor place at Vesta's warehouse. This space costs us $1.65 per square foot per month. I estimate about 6,000 square feet being used to store damaged inventory at a cost of $9,900 per month for about six months, resulting in an additional $59,400 in expense to Vesta." | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion. | |

5

| # | ¶ | Statement | Objection | Ruling |
|---|---|---|---|---|
| 13 | ¶ 13 (6:21-24) | "Only in or about May of 2022, about four months after the Debtor originally told Vesta that it was submitting the claim to insurance did the Debtor finally tell Vesta that the Debtor's deductible was $250,000 and, therefore, the Debtor was not going to be submitting the claim to insurance." | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion.<br><br>FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to him by another individual or source to support the factual allegations in the paragraph, his testimony related thereto would be inadmissible hearsay. *See Caddie Const. Co., Inc.*, 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991). | ☐ Sustained<br><br>☐ Overruled |
| 14 | ¶14 (6:28–7:4) | "MTS Technician Jasson Walke conducted a mold/moisture investigation on January 18, 2022, which revealed the presence of Aspergilus (fungi) and Penicillium (contaminant/ opportunistic pathogen) spores." | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion.<br><br>FRE 602 Lack of Personal Knowledge<br><br>FRE 602 Lack of Foundation<br><br>FRE 602 Calls for Speculation<br><br>FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to him by another individual or source to support the factual allegations in the paragraph, his testimony related thereto would be | ☐ Sustained<br><br>☐ Overruled |

| | | | | |
|---|---|---|---|---|
| | | | inadmissible hearsay. *See Caddie Const. Co., Inc.*, 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991). | |
| 15 | Exhibit I | | FRE 401 Not Relevant. The Statement is not helpful in determining a fact in issue, is irrelevant, and a waste of time to consider in connection with the pending motion.<br><br>FRE 602 Lack of Personal Knowledge<br><br>FRE 602 Lack of Foundation<br><br>FRE 602 Calls for Speculation<br><br>FRE 802 Hearsay Not Subject to Any Exception. If the Declarant is relying on what was told to him by another individual or source to support the factual allegations in the paragraph, his testimony related thereto would be inadmissible hearsay. *See Caddie Const. Co., Inc.*, 125 B.R. 674, 678 (Bankr. M.D. Fla. 1991). | ☐ Sustained<br><br>☐ Overruled |

Dated: June 23, 2022

LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.

By:  /s/ *Jonathan D. Gottlieb*
DAVID B. GOLUBCHIK
TODD M. ARNOLD
JONATHAN D. GOTTLIEB
LEVENE, NEALE, BENDER, YOO & GOLUBCHIK L.L.P.
Attorneys for Crestlloyd, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 2818 La Cienega Avenue, Los Angeles, CA 90034

A true and correct copy of the foregoing document entitled **EVIDENTIARY OBJECTIONS TO DECLARATION OF  DECLARATION OF JULIAN BUCKNER IN SUPPORT OF REQUEST OF CHAPTER 11 ADMINISTRATIVE EXPENSES OF SHOWROOM INTERIORS, LCC [DKT. 357]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 23, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Todd M Arnold    tma@lnbyg.com
- Jerrold L Bregman    jbregman@bg.law, ecf@bg.law
- Marguerite Lee DeVoll    mdevoll@watttieder.com, zabrams@watttieder.com
- Karol K Denniston    karol.denniston@squirepb.com, travis.mcroberts@squirepb.com;sarah.conley@squirepb.com;karol-k-denniston-9025@ecf.pacerpro.com
- Oscar Estrada    oestrada@ttc.lacounty.gov
- Danielle R Gabai    dgabai@danninggill.com, dgabai@ecf.courtdrive.com
- Thomas M Geher    tmg@jmbm.com, bt@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com
- David B Golubchik    dbg@lnbyg.com, stephanie@lnbyb.com
- James Andrew Hinds    jhinds@hindslawgroup.com;mduran@hindslawgroup.com, mduran@hindslawgroup.com
- Robert B Kaplan    rbk@jmbm.com
- Jane G Kearl    jkearl@watttieder.com
- Jennifer Larkin Kneeland    jkneeland@watttieder.com, zabrams@watttieder.com
- Michael S Kogan    mkogan@koganlawfirm.com
- Noreen A Madoyan    Noreen.Madoyan@usdoj.gov
- John A Moe    john.moe@dentons.com, glenda.spratt@dentons.com;derry.kalve@dentons.com
- Samuel A Newman    sam.newman@sidley.com, samuel-newman-2492@ecf.pacerpro.com;laefilingnotice@sidley.com
- Ryan D O'Dea    rodea@shulmanbastian.com, lgauthier@shulmanbastian.com
- Sharon Oh-Kubisch    sokubisch@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Hamid R Rafatjoo    hrafatjoo@raineslaw.com, bclark@raineslaw.com
- Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Victor A Sahn    vsahn@sulmeyerlaw.com, pdillamar@sulmeyerlaw.com;pdillamar@ecf.inforuptcy.com;vsahn@ecf.inforuptcy.com;cblair@sulmeyerlaw.com;cblair@ecf.inforuptcy.com
- William Schumacher    wschumac@milbank.com, autodocketecf@milbank.com
- David Seror    dseror@bg.law, ecf@bg.law
- Zev Shechtman    zshechtman@DanningGill.com, danninggill@gmail.com;zshechtman@ecf.inforuptcy.com
- Mark Shinderman    mshinderman@milbank.com, dmuhrez@milbank.com;dlbatie@milbank.com
- Lindsey L Smith    lls@lnbyb.com, lls@ecf.inforuptcy.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Genevieve G Weiner    gweiner@sidley.com, laefilingnotice@sidley.com;genevieve-weiner-0813@ecf.pacerpro.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

- Jessica Wellington  jwellington@bg.law, ecf@bg.law

**2. SERVED BY UNITED STATES MAIL**: On **June 23, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>Request for Special Notice</u>
Amy P. Lally, Esq.
Sidley Austin LLP
1999 Avenue of the Stars, 17th Floor
Los Angeles, CA 90067

☐ *Service information continued on attached page*

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **June 23, 2022**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| June 23, 2022 | Damon Woo | /s/ Damon Woo |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012　　　　　　　　　　　　　　　　　　　　　　　　　　**F 9013-3.1.PROOF.SERVICE**